MARY F. CALNANE, RESPONDENT, v. MARY E. CALNANE, APPELLANT.*
—17 S. W. (2d) 566.

St. Louis Court of Appeals.   Opinion filed June 4, 1929.

*Corpus Juris-Cyc References: Judgments, 34CJ, section 467, p. 243, n. 54; section 794, p. 502, n. 12; Wills, 40Cyc, p. 1240, n. 2; p. 1272, n. 55; p. 1363, n. 7.

*Wilbur C. Schwartz* and *Charles E. Morrow* for appellant.

*Leahy, Saunders & Walther* for respondent.

NIPPER, J.—Plaintiff, Mary F. Calnane, filed her petition and motion for an order *nunc pro tunc*, amending the judgment of the circuit court. The circuit judge entered an order *nunc pro tunc*, and the defendant, Mary E. Calnane, has appealed from this order.

The title of the original cause was Mary F. Calnane v. Mary E. Calnane and certain corporations. The object and purpose of the original suit was to contest the will of John A. Calnane. This suit was tried to a jury at the December term, 1926, of the circuit court of the city of St. Louis. The verdict of the jury was rendered on January 7, 1927, and upheld the will of John A. Calnane. Upon the return of this verdict the court entered judgment adjudging the paper to be the last will and testament of John A. Calnane. The judge's trial docket contained the following memorandum: "Will sustained." The record book of the proceedings, thereafter entered in the transcript room of the circuit court, contained the following: "It is further ordered by the court that the cost of this proceeding be borne by the plaintiff, for which let execution issue."

Afterwards, and at the October term, 1927, of the circuit court of the city of St. Louis, plaintiff filed her petition for an order *nunc pro tunc*, to correct that portion of the former judgment with reference to the costs in the case, the grounds for the petition being that the entry in the former judgment taxing the costs against the plaintiff was an erroneous order and was not in fact a part of the original judgment rendered, and was contrary to the law of this State. After a hearing, the court made an order taxing the costs against the estate of John A. Calnane, in the hands of Mary E. Calnane, executrix. The costs amounted to $944.05.

The evidence discloses that Mary E. Calnane was the only beneficiary in the will who was not given a specific bequest, and that she was a residuary legatee. From the order and judgment correcting the record, Mary E. Calnane has in due time and proper manner perfected her appeal. ·

The sole question presented on appeal is whether or not the trial court, under this state of the record, had a right to enter the judg-

ment it did to correct the judgment as to costs which appeared on the record.

An action to contest a will is a proceeding *in rem*. The burden of proving the will is upon those claiming under it, and if the contest be abandoned the burden still devolves upon the proponents. The argument of respondent here is that the court had no right in the first instance to make any order taxing the costs against Mary F. Calnane, and that as the court had no right to enter such a judgment it was entirely proper to correct the same by a *nunc pro tunc* entry to conform to the law. Generally speaking, in a suit of this kind the costs are taxed against the estate. However, this is not mandatory. The court may enter judgment taxing the costs against the estate or against the parties instituting the proceedings to contest the will. There does not seem to be any fixed and binding rule with respect to the taxation of costs in cases of this character.

Now, conceding that the trial judge had a right to make an order taxing the costs against either the parties contesting the will, or the estate, was there any authority for entering the order *nunc pro tunc* which was entered in this case? The entry of a *nunc pro tunc* judgment is merely one which in fact has been theretofore made by the court. In order to determine what the judgment was as actually rendered, we must refer to the records, to the clerk's minutes, the judge's docket or some papers in the case. The judgment entered in the record is presumed to be the one actually rendered by the court and this presumption obtains no matter how erroneous the judgment so entered may be, unless such presumption be overcome by evidence of the character above mentioned. If the record entry shows a judgment which the court had no right or authority to render, then the situation would perhaps be different, or, if the record is silent as to the costs, of course, another and different situation would be presented. In this case we do have record entries taxing the costs against the parties instituting the proceedings to contest the will, and there is no documentary evidence showing any other and different judgment was rendered, nor is such judgment prohibited by law. [In re Estate of Soulard, 141 Mo. 642, 43 S. W. 617.]

The record entry taxing the costs against plaintiff was made in the transcript room by the clerk who writes the final judgments. The presumption that this was the judgment actually rendered, obtained because there is nothing to show that any other and different judgment was rendered by the court, or that the court undertook to render any other or different judgment with respect to the costs. It is not sufficient that the judge's docket and the entry made on the minutes were silent as to the costs. The formal judgment written in the transcript room contained the entry taxing the costs against the plaintiff. This is the only entry, minute or record of any pro-

ceedings with respect to the costs, nor is there any evidence tending to show that the court undertook at the time to render any other or different judgment with respect to costs. Therefore, the court erred in sustaining plaintiff's motion and taxing the costs against the appellant, Mary E. Calnane. [Montz v. Moran, 263 Mo. 252, 172, S. W. 613; Burns v. Sullivan, 90 Mo. App. 1.]

The judgment of the circuit court is reversed. *Haid, P. J.*, and *Becker, J.*, concur.