ANN MCCRARY, SALLIE EMERY, ALICE WARREN, EMMA HAMP, BETTIE BURKETT and WALTER M. FRIZZELL, RESPONDENT, v. ALBERT MICHAEL, EXECUTOR OF THE LAST WILL AND TESTAMENT OF WILLIS M. FRIZZELL, DECEASED, and MARIE MCCORMICK (DEFENDANTS), MARIE MCCORMICK, APPELLANT.—109 S. W. (2d) 50.

St. Louis Court of Appeals. Opinion filed October 5, 1937.

*Thompson, Mitchell, Thompson & Young* and *Richard D. Shewmaker* for appellant.

*Foristel, Mudd, Blair & Habenicht* for respondent.

No brief.

HOSTETTER, P. J.—Willis M. Frizzell, a resident of the City of St. Louis, died September 18, 1933, leaving the plaintiffs, consisting of five sisters and one brother, as his only heirs at law, and, on October 8, 1933, a paper, purporting to be his last will and testament was admitted to probate in the probate court of the city of St. Louis.

By the terms of the will, all the residue of his property, after the payment of debts, and funeral expenses, was given to his niece, Marie McCormick, and, in case she should predecease him, such residue should go to his sister, Ann McCrary. The will named as executor, Henry W. Neuwoehner, and in the event of his death, Albert Michael.

Subsequent to the action of the Probate Court in admitting the will to probate, plaintiffs filed their suit in the Circuit Court of the City of St. Louis as contestants, seeking to have said written instrument adjudicated as not the will of said decedent.

The defendants and proponents are Albert Michael, the substitute executor, and Marie McCormick, the sole beneficiary.

Upon a trial to a jury in the circuit court its verdict was in favor of the proponents and the will was duly established as the last will and testament of the decedent.

The trial court in entering up its judgment establishing the will, provided therein "that the costs of this suit proceed to be paid out of the assets and effects of the estate of Willis M. Frizzell, deceased, now in the hands of Henry W. Neuwoehner, as executor."

The total costs amounted to $114.30, $67.85 of which were for depositions taken on behalf of the contestants.

The proponents in due time filed their motion asking the court to modify its judgment and tax the costs against plaintiffs, the unsuccessful contestants, which motion being overruled, Marie McCormick duly perfected her appeal to this court.

The sole question therefore, involved in this appeal, is whether the costs should have been adjudged against the losing contestants or against the estate of the testator.

After a careful review of the authorities and the statutes in respect to costs and a consideration of the nature of a will contest in the circuit court, we have reached the conclusion that the learned trial judge was in error in refusing to adjudge the costs against plaintiffs, the unsuccessful contestants.

Costs in this State are creatures of statutes. [Ex parte Nelson, 253 Mo. 627, 162 S. W. 167.]

In McFadin v. Catron, which appeared twice in the Supreme Court, viz., 120 Mo. 252, and 138 Mo. 197, 38 S. W. 932, the costs were adjudged against the losing contestant.

Section 1242, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 1242, p. 1468) reads as follows:

"In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

There is no special statutory provision relating to costs in will contests. So that it would logically follow, in the absence of a statute making a different provision for the taxation of costs in will contests, that the costs should be taxed against the unsuccessful parties, the contestants in the instant case.

A will contest is a proceeding *sui generis.* It is a suit *in rem.* The sole question to be determined is "will, or no will." It has the effect of vacating the probate in common form, such as the *ex parte* proof of wills in the probate court. When a contest is brought in the circuit court by those who, but for the will, would, under the law of descents and distribution, be entitled to interests in the estate of the deceased, the effect is to wipe out or vacate the action of the probate court, and the heirs bringing such suit in the circuit court as plaintiffs, or, as more properly called, contestants, have no right or power to dismiss the action. They may abandon the fight against the will, but cannot dismiss and thereby prevent the circuit court from acting on the will. The defendants, or proponents of the will, as more properly designated, have the laboring oar. Those interested as beneficiaries under the will assume the burden of offering such testimony as at least will make a *prima facie* case of the soundness of mind of the testator, a proper age to make a will, and prove it was properly executed with the requisite number of subscribing witnesses.

Cash v. Lust, 142 Mo. 630, 44 S. W. 724, 64 Am. St. Rep. 576 (of unpleasant memory to the writer), is very illuminative on the question as to who should become liable for costs in a will contest. In said case the defendants (proponents), the widow and nine sons and daughters of deceased, filed a motion to require the plaintiffs, a daughter and a grandson of the testator, who were given only nominal amounts, to give security for the costs or get out of court, and the trial court refused to make such a requirement as a condition to prosecuting their contest. They prevailed in the trial court, and the proponents appealed and urged as one of their grievances the action of the trial court in overruling their motion for costs.

The court, in passing on this question, used the following language, viz:

"The probate of a will in common form by the probate court is, in effect, interlocutory, and only becomes final and conclusive at the expiration of the time parties in interest are allowed in which to contest its validity in the circuit court. When a contest is entered, the circuit court thus acquiring jurisdicton should proceed, as required by statute, to determine whether the paper writing in question is, or is not, the will of the decedent. Contestants will not be allowed to dismiss the proceedings, for they are *in rem* and all persons interested, whether as contestants or proponents, are entitled to have the formal and conclusive judgment of the court either rejecting or confirming the will. [McMahon v. McMahon, 100 Mo. 97, and cases cited.] It follows that contestant cannot be required to give security for the costs. It has been held by this court in a recent case that the cost of making the formal proof of the due execution of the will, whether in solemn or common form, may be paid out of the estate of the decedent, and in case of a contest it is the duty of the executor named to make this proof if none of the parties interested do so. [In re Soulard's Estate, 141 Mo. 642.] By the formal proof is meant such as is required to be made *ex parte* in the probate court. [R. S., secs. 8880 and 8884.] *There can be no doubt that contestants would have the right to withdraw their objections at any time before the case is submitted, and thereby relieve themselves of costs that may subsequently accrue, but they cannot be forced to do so by putting a condition upon their right to contest, such as requiring them to give security for the costs.*" (Italics are ours.)

It will thus be noted that our Supreme Court in that case directly passed on the identical point raised by the appealing proponent in the *instant* case, and ruled it in accord with her contention.

The writer, in mentioning the fact that the case of Cash v. Lust was of unpleasant memory, had not in mind the court's ruling on the question of costs, but having been of counsel for the two luckless contestants, did have in mind their unfortunate plight when the Supreme Court, after reviewing the testimony adduced by them in the lower court, held that it was not sufficient to make a submissible case, and sent the case back to the lower court directing it to enter up a judgment establishing the written instrument as the will of decedent. The regret was made more poignant by the fact the will contained a clause to the effect that if any of the beneficiaries should try to break the will, those doing so should receive nothing, and so much bad blood had been engendered among the testator's progeny (as is usual in such case) that the successful proponents saw to it that this clause was religiously carried out, and the contesting daughter and grandson lost the $150 and the $100 which had been willed to them respectively.

So, being too poor to secure the costs and losing their small legacies out of their ancestor's rather large farm estate, their lives could be epitomized in the concluding line of a stanze from Gray's Elegy in a Country Churchyard, as follows:

"Let not ambition mock their useful toil,
"Their homely joys, and destiny obscure;
"Nor Grandeur hear with a disdainful smile
"The short and simple annals of the poor."

But their experience is useful in making more understandable a Biblical thought expressed in cryptic and apparently contradictory language, as follows:

"For unto every one that hath shall be given, and he shall have abundance: but from him that hath not shall be taken away even that which he hath." [Matthew 25:29.]

The contestants in the instant case have filed no brief. A very helpful brief has been filed on behalf of appellant, Marie McCormick, which lightened our labors materially and made it unnecessary to indulge in an extensive research, but we must confess our surprise that the brief to which the names of such eminent counsel are appended, should omit any reference to the case of Cash v. Lust, *supra*. That case was decided by our Supreme Court nearly forty years ago and it has been cited in nearly every will case since its promulgation, and, our surprise is deepened by the fact that it contains an authoritative ruling on the liability for and the adjudication of costs in a will contest, which ruling is in exact accord with the contention urged by counsel for the winning proponent in the instant case.

Counsel in their brief call our attention to the case of Calnane v. Calnane, 223 Mo. App. 381, 17 S. W. (2d) 566, loc. cit. 567, a decision of this Court, which they say by a *dictum* throws a doubt on the correctness of their contention in the instant case. They describe the Calnane case properly as one relating to a will contest in which the proponents prevailed and the costs were adjudged against the losing contestant. Thereafter the contestant filed an application, after the term closed, for a *nunc pro tunc* order changing the judgment so as to tax the costs against the estate; the circuit court sustained the application and changed the judgment accordingly, and its action in doing so was reversed by this Court on the ground that the evidence was not sufficient to justify the making of the change by a *nunc pro tunc* order.

Counsel then quote the following from the opinion, viz:

"Generally speaking, in a suit of this kind the costs are taxed against the estate. However, this is not mandatory. The court may enter judgment taxing the costs against the estate or against the parties instituting the proceedings to contest the will. *There does*

*not seem to be any fixed and binding rule with respect to the taxation of costs in cases of this character."*

Counsel then make their comments and request in the following language:

"The sentence last emphasized indicating a non-statutory discretion with respect to costs in will contests is, of course, directly contrary to the holding of the Supreme Court in *Ex parte Nelson* that 'costs in Missouri are purely creatures of statute.' We respectfully submit that the *dictum* above quoted should, for the guidance of the lower courts, be expressly overruled."

It is true, as suggested by counsel, that the language contained in the excerpt quoted from the opinion was not necessary to be used in deciding the case, as it went off on the insufficiency of the evidence, to justify the making of a *nunc pro tunc* order, and the entire excerpt is, to that extent, a dictum. Of course, it has never been in dispute that on the common or formal probate of a will in the probate court the costs are properly paid by the estate. But, insofar as the dictum quoted from the opinion of this court in the Calnane case, *supra*, is at variance with the views herein expressed, it is disapproved and should not be followed.

We think our holding in the instant case, that costs in will contests in the circuit court should be adjudged against the losing party contestant, or proponent, as the case may be, and not against the estate, will tend to prevent abuses and much good will be accomplished by preventing will contests of little or very doubtful merit being launched. It is common knowledge that deep enemities are readily kindled among relatives who engage in controversies over estates, and those dissatisfied with the will would likely launch contests without merit, feeling safe and secure in so doing, if the costs of such contests are taxable against the estate. The claims of creditors would, in such event be jeopardized by the diminution of the assets of the estate in the warring contest between the surviving relatives of the testator.

There are valid technical reasons why the circuit court should not adjudge costs against the estate in a will contest, because, as in the instant case, no one legally entitled to represent the estate is a party to a will contest and the jurisdictional duty to look after and control the administration of estates of deceased persons is vested in the probate court, and whatever jurisdiction the circuit court may have in probate matters is derivative.

In appeals from the probate courts to the circuit courts from their action in the allowance of claims or from the settlements of administrators, executors and guardians and curators and divers other matters, the jurisdiction of the circuit court is purely derivative.

804

In a will contest the authority of the executor, if he has an interest in the estate, is suspened by statute, Section 14, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., Sec. 14, p. 14), pending the will contest, and, in the event the contestants were successful, the executor, if a party, would at once become *functus officio* and no one would be left whose duty it might be to look after the interests of the estate. And, besides, the testimony in a will contest might give the court some idea of the amount and value of property but not of the debts due by decedent.

In In re Soulard's Estate, 141 Mo. 642, 43 S. W. 617, the court said:

"If the expense of the contestants is to be paid out of the estate they would have nothing to lose and everything to gain by the contest. There would be no limit to the expense the parties might incur short of the value of the estate itself. . . . But few unsatisfactory wills would escape a contest. A rule leading to such result would be clearly contrary to the policy of our law."

It follows, therefore, that the judgment of the trial court insofar as it taxes the costs against the estate should be reversed and the cause remanded to the circuit court with directions to tax the costs against the unsuccessful contestants, and, it is so ordered. *Becker* and *McCullen, JJ.,* concur.