THOMAS McCRACKEN, Petitioner, v. PAUL E. KAISER, Warden Missouri State Penitentiary.—No. 39008.—179 S. W. (2d) 470.

Court en Banc, April 17, 1944.

*Roy McKittrick*, Attorney General, and *Robert J. Flanagan*, Assistant Attorney General, for respondent.

LEEDY, J.—Petitioner is imprisoned in the penitentiary, and he brings habeas corpus to effect his discharge, contending that his term has expired. He is held under five separate judgments and sentences of the Jasper Circuit Court, all rendered November 20, 1939, in as many separately numbered criminal cases (7430, 7432, 7442, 7470, and 7472), wherein he pleaded guilty to burglary and larceny. His punishment was assessed in each of said cases "at four years imprisonment (two for burglary, and two for larceny) in the penitentiary," and he was accordingly sentenced in each case to such confinement "for the period of four years." The sentence in #7442 ordered that it "run concurrent with the judgment and sentence in case #7432." In #7472 the period of confinement was specified as

"from this date." In each of the others (including #7432), the words "from this date" were crossed out. In all other respects the five judgments and sentences are identical. The question involved is whether the sentences (other than in cases 7442 and 7432) impose consecutive or concurrent terms of imprisonment. If the latter, it is agreed petitioner is entitled to be released.

The general rule is that in the absence of an applicable statute making the terms successive, or a direction to that effect in the sentence or commitment, terms imposed by the same court to the same institution are to be regarded as concurrent. [Anthony v. Kaiser, 350 Mo. 748, 169 S. W. (2d) 47; State ex rel. Meininger v. Breuer, 304 Mo. 381, 264 S. W. 1; 15 Am. Jur., Criminal Law, sec. 465.] On the hearing the state contended that petitioner had been convicted of all of said offenses before sentence had been pronounced on him for either of them, and hence said sentences are governed by Sec. 4849 R. S. '39 [Mo. R. S. A. sec. 4849], which prescribes an automatic rule for consecutive sentences under such circumstances. However, since the submission of the cause, the state, with commendable frankness, has, by a filing in the clerk's office, conceded said section does not apply, so we are left with the single question as to whether, apart from any statute mandatorily imposing consecutive sentences, the judgments and sentences before us are sufficient in form as imposing cumulative terms. The state arguing the affirmative of this question, takes the position that, upon the face of the record, the court has evinced an intention to impose a term of imprisonment of sixteen years, and that this is apparent from the express order that two of the sentences run concurrently, and from the further fact that the words "from this date" were stricken in all but one of the sentences.

Even though the order as to the concurrent nature of two of the sentences be regarded as raising a presumption that ▮▮▮ the court intended the others to be served consecutively, this is not enough. "No presumption will be indulged in favor of sustaining a sentence as cumulative." 15 Am. Jur., Criminal Law, sec. 465. Moreover, we do not see how the striking of the words "from this date" can be regarded as conclusively showing an intention to impose successive sentences because it appears that said words were also stricken in No. 7432, which sentence it is conceded ran concurrently with No. 7442. In other words, the circumstance of the striking of said words is as consistent with one view as with the other. We have said, "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehension by those who must execute them." [Anthony v. Kaiser, supra, citing U. S. v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309.] The petitioner is entitled to his discharge. It is so ordered. All concur except *Gantt, J.*, absent.