Ex Parte Price Williford, Petitioner, v. Ben B. Stewart, Acting Warden, Missouri State Penitentiary.—No. 40126.—198 S. W. (2d) 12.

Court en Banc, November 27, 1946.

*J. E. Taylor,* Attorney General, and *Gordon Weir,* Assistant Attorney General, for respondent.

ELLISON, J.—Habeas Corpus. The petitioner contends his prison time in the penitentiary under convictions in five felony cases has expired, and that his further detention by the respondent warden is illegal, under the following facts.

On February 6, 1933, he pleaded guilty in the circuit court of Jackson County, Division 3, to burglary in the second degree, and larceny, in each of four cases, No's C-14729, C-14730, C-14747 and C-14748. He was jointly prosecuted in each case for those two crimes under Sec. 4448 [all references to our statutes are to R. S. 1939 and Mo. R. S. A.] The punishment assessed by the trial court was im-

prisonment in the penitentiary for three years on each burglary charge, with a like sentence of three years on each larceny charge. But the court further ordered that the three year sentence for the burglary and the corresponding sentence for the larceny in each case run concurrently. And it further ordered that the sentences in all four cases should likewise run concurrently, thereby fixing the total term of the prisoner's confinement in the penitentiary at three years in all four cases on both charges. Certified copies of these four judgments and the minutes in each case have been brought up as evidence.

On April 8, 1933, a little over two months after receiving the sentences for the burglary and larceny, the petitioner was convicted by a jury in the circuit court of Jackson County, Division 4, of larceny of a motor vehicle in case No. C-14850, and his punishment assessed at fifteen years imprisonment in the penitentiary under Sec. 8404. The certified copy of the judgment and court minutes in that case (which also have been brought up as evidence) are silent as to whether the fifteen year sentence in this motor vehicle theft case should run concurrently or consecutively with the three year aggregate sentence in the four burglary and larceny cases.

But there are attached to both the prisoner's petition and the warden's return in this proceeding *two* papers verified by one affidavit of the respondent warden as a "full, true and complete copy of Judgment and Sentence of Court in case of Price Williford, #42807" (the petitioner). Petitioner says these papers are the commitments under which he is held. One of them purports to show a single joint judgment in all four burglary and larceny cases together. The other paper purports to be a copy of the fifteen year sentence and judgment in the motor vehicle theft case. It concludes: "Court further orders that the sentence of Fifteen years in the State Penitentiary, to run consecutively, with sentences imposed in causes, C-14729-30-47-48, making a grand total of Eighteen years in the State Penitentiary."

After the petitioner was sent to the penitentiary and had begun service of his total sentence of eighteen years in all the cases, he became insane, and on February 28, 1935, the Governor suspended the execution of the eighteen year total sentences and ordered him transferred to State Hospital No. 2 at Fulton, Missouri, there to be detained until restored to reason. The petitioner remained in the State Hospital at Fulton for twenty-seven months and then was returned to the penitentiary to resume service of his eighteen year total sentence.

On these facts the petitioner contends, first, that the concurrent sentences in each of the four burglary and larceny cases of three years for the two crimes are wholly *void* under State v. Huff, 352 Mo. 1161, 1167(6), 181 S. W. (2d) 513, 516(8), and earlier decisions, because the burglary and larceny statute, Sec. 4448, provides that in such prosecutions the punishment for the larceny shall be *in addition to* that for the burglary, in consequence of which the two cannot be made

to run concurrently. He further contends the commitment on which he is held for the sentences in each of the four cases, is void because it shows one single judgment was rendered in all four cases, which could not be true; and if true would show the judgment was wholly void.

Proceeding on the above theory, petitioner next contends that since the three year aggregate sentence for the burglaries and larcenies cannot be counted against him, he can be held only on the 15 year automobile theft sentence. As to that, he maintains that the 27 months time he was confined in the State Hospital as a lunatic should not be subtracted from his total time; and that his three-fourths time deduction for good behavior, under Sec. 9086, should be computed on the calendar time elapsed since he was incarcerated under the 15 year sentence for the automobile theft. Three-fourths of 15 years is 11 years 3 months; and if it be counted as having started to run on April 8, 1933, when he was convicted of the automobile theft—in which case that sentence was imposed—it expired on July 8, 1944. But he adds, that even if the three year burglary and larceny sentence be added to the 15 year automobile sentence, making a total of 18 years calendar time (without deducting the 27 months asylum time), his three-fourths time would only be 13 years 6 months, expiring October 7, 1946—so that he is entitled to discharge in any event.

■ Now going back to petitioner's first contention, that the three year concurrent sentences for the burglary and for the larceny in each of those four cases was void. They were *illegal*, it is true, by reason of the provisions of Sec. 4448, supra. The ■ Huff case, supra, supports him that far. But the prosecutions were not thereby rendered void in toto. The Huff case expressly holds that under Sec. 4155 the appellate court may correct such errors as to the *time* of imprisonment. In that case erroneous concurrent sentences were changed to run consecutively. There is another almost parallel statute, Sec. 1660, authorizing courts in habeas corpus proceedings to do the same thing. And Sec. 4094 provides that if the jury in a circuit court assess a punishment below the limit prescribed by law, the trial court shall fix it at that lowest limit.

We may do that here. In fact, Sec. 1660 says it is our duty to do it. The minimum punishment for both burglary, 2nd degree, and larceny in connection therewith, is two years under Sec's 4445 and 4448, respectively. And so (though it is a mere matter of bookkeeping now) we correct the sentence pronounced by the trial court, and sentence the petitioner to confinement in the penitentiary of the State of Missouri for the term of two years for the burglary and a like term of two years for the larceny, to run consecutively from the date of the original sentence on February 6, 1933, making a total of four years in each of the four burglary and larceny cases, those four year sentences in

the four cases to run concurrently with each other, as the trial court provided in its judgments.

The next question is whether the four year aggregate sentence in the four burglary and larceny cases ran concurrently with the subsequent 15 year sentence in the automobile theft case, or whether the two ran consecutively. If the former, they cannot be fully concurrent because they are not fully coincident. The four year sentence in the burglary and larceny cases stated on February 6, 1933, two months and two days before the 15 year sentence in the automobile theft case was imposed on April 8, 1933. The rule is that where the later judgment is silent on the point the sentences run concurrently. To make them consecutive there ordinarily must be some provision in the judgment or a statutory requirement to that effect. And this is true although they were pronounced by different courts.[1] So it can make no difference here that the sentences in the four burglary and larceny cases were imposed by Division No. 3 of the Jackson County circuit court, whereas the sentence in the automobile theft case was pronounced by Division No. 4 of that court.

It follows that the sentences in all five cases here involved do run concurrently so far as they are coincident, unless the language hereinbefore quoted from the commitment issued on the 15 year sentence requires a contrary ruling. As will be remembered this verified commitment, attached to both the petitioner's petition and the warden's return, purports to set out the judgment and sentence in the automobile theft case. As thus shown, it is pretty much like the copy of the judgment and sentence certified by the clerk of the circuit court of Jackson County and introduced as evidence, though there are omissions and additions in the commitment judgment and a notable difference in the wording. It seems to be a typewritten form—there are blank spaces for names, term of imprisonment and the crime. But there is one vital difference. The commitment judgment added the provision hereinbefore quoted, ordering the 15 year sentence in the automobile theft case to run consecutively with the cumulative sentences in the four burglary and larceny cases; whereas the judgment and minutes certified to us by the circuit clerk are wholly silent on that point. And these facts have been verified since this cause has been pending here. Such inaccuracies in the commitment are subject to criticism.

With the case standing as it does the question is, shall the judgment shown in the commitment prevail over the judgment and minutes certified to us directly ▆ by the circuit clerk. We think the answer clearly is that we must accept the latter as authentic. As a matter of

[1] 16 C. J., p. 1307, sec. 3082; 24 C. J. S., pp. 1245-8, sec. 1996a; 15 Am. Jur., p. 126, sec. 471; Zerbst v. Lyman, 255 Fed. (2d) 609, 5 A. L. R. 377; Annotations: 5 A. L. R. 380; 53 A. L. R. 625; 70 A. L. R. 1511; Anthony v. Kaiser, 350 Mo. 748, 752(4), 169 S W. (2d) 47, 49(5-9); McCracken v. Kaiser, 352 Mo. 799, 179 S. W. (2d) 470.

fact, the only commitment required by the statute is a certified copy of the judgment and sentence. Sec. 4106 provides that when any convict shall be sentenced to the penitentiary in a trial court, the clerk shall forthwith deliver to the sheriff of the county a certified copy of the sentence, which must, of course, show the date of its pronouncement, the identity of the convict, the crime of which he was convicted and the punishment imposed. And Sec. 9057 provides that when the convict is delivered to the Commission of the Department of Penal Institutions, the officer having him in charge shall deliver to the Commission the certified copy of the sentence previously received by such officer from the clerk of the court. This, of itself, is enough to show the judgment and sentence are controlling. A commitment is in the nature of a warrant, and its issuance by the clerk is a ministerial act. The authorities generally are to the above effect. 15 Am. Jur., p. 152, sec. 502; 24 C. J. S., p. 161, sec. 1608; 7 Words & Phrases (Perm. Ed.) ''Commitment,'' p. 832; Reardon v. Frace, 344. Mo. 448, 451-2, 126 S. W. (2d) 1167, 1168; Ex parte Simpson (Mo. banc), 300 S. W. 491, 493(2).

The judgment of the trial court being controlling, we must reject the spurious recital in the commitment that the burglary and larceny four year aggregate sentence and the automobile theft 15 year sentence should run consecutively, and must hold they run concurrently— which means that the period of the petitioner's legal incarceration began on February 6, 1933 and ran for 2 months and 2 days under the burglary and larceny aggregate sentence until April 8, 1933, when the 15 year sentence in the automobile theft case was pronounced. From there on the sentences in the five cases ran concurrently as far as coincident, and until the end of the 15 year sentence, making a total period of 15 years, 2 months and 2 days. Under the three-fourths rule, allowed by Sec. 9086 for good behavior, this time would be reduced to 11 years, 4 months and 17 days.

This leaves only the questions whether the petitioner is entitled to credit for the 27 months time spent in the State Hospital for the insane at Fulton; and whether his three-fourths time should be computed thereof. Sec. 9352 provides that if any person in penal servitude becomes insane the Governor may pardon such lunatic, or commute or suspend his sentence for the time being, and order him to be confined in a state hospital until restored to reason. Then the statute says: ''If the sentence of such lunatic is suspended by the governor, the sentence of the court shall be executed upon him after such period of suspension has expired, unless otherwise directed by the governor.''

In this case the Governor did not pardon the petitioner or commute his sentence, but merely suspended it. The Governor's order, speaking as of the date of its issuance on February 28, 1935, provided that on his return to the penitentiary the petitioner should ''serve so much

720

of his sentence as now remains unserved beginning on the date of his return to prison.'' That necessarily meant that he would get no credit for time spent in the State Hospital, and must serve his sentence in full. Therefore the 27 months must be added to his 11 years, 4 months, 17 days three-fourths time, to get the correct calendar time, which totals 13 years, 7 months, 17 days. This time, running from February 6, 1933, ended on September 23, 1946. The petitioner is entitled to his discharge, and it is so ordered.

Petitioner discharged. All concur except *Gantt, J.,* not sitting.