STATE of Missouri, Respondent,

v.

Marvin TESTERMAN, Appellant.

Nos. 52236–52238.

Supreme Court of Missouri,
Division No. 1.

Nov. 14, 1966.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

This is an appeal from the denial by the McDonald County Circuit Court of Marvin Testerman's motion to vacate judgment and sentence. Criminal Rule 27.26, V.A. M.R. The motion was denied without a hearing.

On February 10, 1964, a jury in the McDonald County Circuit Court found appellant guilty of obtaining money by deceit with intent to defraud by means of a "no funds" check. His punishment was set at two years' imprisonment. Upon appellant's waiver of his right to file a motion for new trial, and to appeal, sentence was pronounced and judgment entered in accordance with the verdict and on the same date.

On February 24, 1964, appellant again appeared in the McDonald County Circuit Court and on a plea of guilty in each case was sentenced to seven years for felonious assault and two years for escape from custody. In the sentencing of appellant on the felonious assault charge, the judge's minutes incorporated in the transcript on appeal here recite that the sentence there imposed was "to run consecutively with the sentence in Cases Numbered 2997 [escaped custody] and 2996 ["no funds" check] now pending in this Court and against this defendant." In the sentencing on the "escaped custody," the judge's minutes recite that the sentence there imposed is "to run consecutively with the sentences in Cases Numbered 3005 [felonious assault] and 2996 ["no funds" check] now pending in this court and against this defendant." In the "no funds" check case, No. 2996, the court minutes of February 10, 1964 make no reference to the felonious assault and escape charges. However the minutes of February 24 in the "no funds" check case recite that the sentence in that case is "to run consecutively with the sentence in Cases Numbered 3005 and 2997 * * *." In each case, the minutes recite that defendant is to be allowed credit for time spent in the McDonald County jail.

By his motion under Rule 27.26, appellant contends that there is no sufficient "legal directive" that the sentences imposed in Cases Nos. 2996 and 2997 are to be served consecutively to that imposed in No. 3005, and, therefore, the three sentences run concurrently. Appellant attached to his motion photostatic copies of the judgment in each case as it, according to him,

appears from the records of the Department of Corrections. Appellant points out that, in each of such judgments, the term of imprisonment is fixed to start January 26, 1964. The trial court did order that appellant, in each case, receives credit for time spent in the McDonald County jail. This apparently accounts for the January 26 date for commencement of the term of his imprisonment. With considerable logic, appellant says that three consecutive terms could not have commenced on the same date. He also points out that each of the judgments recites that the sentence in the case to which it applies runs "consecutively with" the sentences in the other two cases. According to appellant, these circumstances give rise to some ambiguity as to the meaning of the judgments and sentences, all of which should be resolved in his favor and against the sentences being consecutive. See McCracken v. Kaiser, 352 Mo. 799, 179 S.W.2d 470.

The specification of the date on which each of the sentences would begin is not legally effective to fix the beginning of the sentences. "The law and not the judgment fixes the date his punishment shall commence." Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471, 473 [6]; State v. Amsden, Mo.Sup., 299 S.W.2d 498, 500 [3, 4]; State v. Hicks, Mo.Sup., 376 S.W.2d 160, 162 [4, 5]. The court's intention to impose consecutive sentences was sufficiently clear to the Department of Corrections. That such was the trial court's intention is hardly to be denied in view of the fact that the judge who imposed the sentence also considered the motion to vacate. Appellant does not allege that he did not understand at the time of sentencing that the sentences were to be consecutive. The trial court had the right to make the sentences cumulative. State v. Shell, Mo. Sup., 299 S.W.2d 465, 467 [3]; State v. Fleshman, Mo.Sup., 399 S.W.2d 56, 58 [3]. We cannot say that the court's exercising of its authority was not sufficiently clear.

We do not express approval of the form of judgment in the original proceedings. Some of the difficulty undoubtedly arose by reason of the use of a printed form of judgment specifying a date for the commencement of the sentence, despite the injunction of Higlin, supra. The trial court need not fix that date in order to permit the proper computation of the allowance for jail time under § 546.615, RSMo 1959, V.A.M.S.

Appellant asks: "If the sentences are consecutive, which must be served first?" Insofar as appears, the question is academic. Appellant does not show that he is suffering any adverse consequences by reason of the order in which the sentences are being served.

In addition to his attack on the sentence, appellant attacks the convictions and judgments in the assault and escape cases. In the assault case, he contends that he was not adequately informed of the charge. His contention is based upon the fact that the affidavit filed in the magistrate court charged him with assault with intent to maim with his hands, whereas the information charged assault with intent to kill with malice with a stick of wood which he held in his hands. The information adequately charged assault with intent to kill with malice and thereby informed appellant of the offense charged. The discrepancies pointed out by appellant between the original affidavit and the information to which he pled guilty are not such as would affect the validity of the information on this collateral attack. At the most, they would go to a lack of preliminary hearing on the charges for which he was convicted. Appellant by his plea of guilty after consultation with his attorney waived any objection to the lack of a preliminary hearing. State v. Cooper, Mo.Sup., 344 S.W.2d 72, 75 [4, 5].

Appellant attacks the judgment and sentence in the assault case on the grounds that the judgment recites a find-

ing of guilt on the charge of "felonious assault." He points out that no reference was made to malice, the distinguishing feature between the offenses defined by § 559.180 and § 559.190, RSMo 1959. He contends that the judgment and sentence is for the offense defined by § 559.190 and that the seven-year sentence is in excess of the five-year maximum under § 559.190. Appellant's contention is based upon the photostatic copy of his commitment, attached to his petition. The judgment proper is the basic record. Williford v. Stewart, 355 Mo. 715, 198 S.W.2d 12, 14 [3, 4]. The transcript on appeal does not contain a copy of the record judgment in the assault case. The judge's minutes appear, but the offense to which defendant entered his plea is not shown in the minutes.[1] If the commitment truly reflects the recorded judgment, there is merit in appellant's contention. An offense under § 559.190 is an included offense in a charge under § 559.180. State v. Parrish, Mo.Sup., 214 S.W.2d 558, 560 [8–10]; State v. Brown, Mo.Sup., 165 S.W.2d 420, 421 [2, 3]. The judgment is required to state "briefly the offense for which [the] conviction shall have been had * * *." § 546.590, RSMo 1959, V.A.M.S. Here the description of the offense is not sufficient to describe an offense under § 559.180, although it is adequate for the included offense under § 559.190. Therefore, if such is the true state of the record, the only conviction of record is for an offense for which the maximum punishment is five years' imprisonment. § 559.190. Relief is afforded, under Rule 27.26 V.A.M.R. to a prisoner being detained under a "sentence in excess of the maximum sentence authorized by law * * *," and appellant would be entitled, in this proceeding, to the correction of his sentences within the limit of the punishment for the crime specified by the court's judgment. The matter must be remanded to the trial

court for its further consideration and action in these premises.

We note, however, the further complaint on this appeal of appellant that the trial court erroneously denied his motion without affording him a hearing. He contends that his motion raised factual issues with respect to the validity of the judgment in the assault and escape cases and that a hearing should have been granted.

In the assault case, the factual issue is claimed to arise by reason of appellant's allegation in his motion that he "was subjected to duress and coercion at the time of his arrest and confinement in the McDonald County jail, and through such means was systematically blocked from communication with his wife, who was the only witness to the alleged crime * * * and the sworn statement of his wife is submitted herewith to show that the person who committed the actual crime in this matter will be named at the hearing of this Motion, which will completely establish the innocence of [appellant] * * *." The attached affidavit of his wife states that she "did not have an opportunity to testify in behalf of [her] husband. * * * I do swear under oath that I was the only eye witness and am prepared to name in court, the party who is guilty of the crime."

The difficulty with these allegations is that they do not explain away appellant's plea of guilty to the charge against him. He alleges no coercion or misapprehension as the basis for his plea. The wife's affidavit does not, in fact, exonerate appellant. Nor does it support his allegation that he was "systematically blocked from communication with his wife." She states merely that she "did not have an opportunity to testify on behalf of [her] husband," which is undoubtedly true, since he pled guilty. The facts alleged would not entitle appellant to relief

1. Such minutes would not appear sufficient to support a nunc pro tunc amendment of the judgment at this time. State v.

Pedockie, Mo.Sup., 391 S.W.2d 255, 257 [2–4]; State v. Gartrell, 171 Mo. 489, 71 S.W. 1045, 1048.

and the trial court properly denied the motion without a hearing.

 As for the escape charge, appellant alleges that at the time he is supposed to have escaped, "no warrant or charge was in effect" and that he "was not in legal custody" at the time. In support of this allegation, he attached to his petition a letter to him from the McDonald County sheriff in which the sheriff stated: "In regard to the Charge at the time you broke custody from me at the Bartley residence —there was not any charge filed at that time." The fact that no charge was pending or warrant issued at the time of the alleged escape would not preclude conviction for escaping custody under § 557.390, RSMo 1959, V.A.M.S. See People v. Serrano, 123 Cal.App. 339, 11 P.2d 81; 30A C.J.S. Escape § 5, p. 883. Moreover, the true import of the sheriff's letter as a whole is that escape charges were not filed at the time of the incident. The second sentence reads: "I understand that you are serving time for that charge which was filed at a later date." The letter concludes: "[T]here was not a charge of escape filed against you at the time, you were sentenced on the drunken driving charge." This is consistent with the record as it appears in the transcript here. It shows that the information charging escape from custody on February 25, 1962 was filed on February 17, 1964. In our opinion, the allegations show no basis for a claim of relief from the sentence and the trial court properly overruled the motion without a hearing.

The judgments in Nos. 52236 and 52237 are affirmed. The judgment in No. 52238 is reversed and remanded for further proceedings in accordance with this opinion.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.