Marvin TESTERMAN, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 19244-3.

United States District Court,
W. D. Missouri, W. D.

April 21, 1971.

Marvin Testerman, pro se.

No response required.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus invalidating his state sentence on a conviction of felonious assault. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted in the Circuit Court of McDonald County on his plea of guilty to a charge of felonious assault; that he was sentenced on that conviction on February 24, 1964, to a term of seven years' imprisonment; that he did not appeal from the judgment of conviction or imposition of sentence; that he filed a motion to vacate his sentence under Missouri Criminal Rule 27.26, V.A.M.R. in the state trial court which was "overruled and denied" on March 28, 1966; that he appealed from that denial to the Missouri Supreme Court; that the Missouri Supreme Court found that the judgment made no reference to malice, which would have been necessary to support a sentence in excess of five years' imprisonment, and reversed the conviction of felonious assault and remanded the cause to the trial court "for further proceedings in accordance with this opinion" (State v. Testerman, Mo., 408 S.W.2d 90, 94); that "on the remand to the Circuit Court of McDonald County, the same

seven years sentence was reimposed, in face of the original docket sheet and judgment showing that the original plea of guilty was for the offense of 'Felonious Assault' lacking the element of malice aforethought"; that petitioner then filed a petition for writ of habeas corpus in the Missouri Supreme Court "asking to be release[d] from custody for the reason that he has served the sentence for Felonious Assault under § 559.190 RSMo 1969, V.A.M.S. which allows for a maximum of five (5) years imprisonment, but it was denied with a minute entry denial, as follows:

'Petitioner's motion for leave to file petition for writ of habeas corpus as a poor person sustained. Writ of habeas corpus denied for failure of petition to state a claim on which any relief can be granted';"

and that petitioner was represented by counsel at his arraignment and plea and at his sentencing.

Petitioner states the following as grounds for his contention that he is being held in custody unlawfully:

"(a) Petitioner is being denied of his right to due process of the law, in that, petitioner is having to serve more time than the law of Missouri requires for the offense of Felonious Assault."

As facts supporting the above grounds, petitioner states that the Missouri Supreme Court, in State v. Testerman, *supra*, reversed his state conviction for felonious assault and remanded the cause to the state trial court, stating as follows:

"Appellant attacks the judgment and sentence in the assault case on the grounds that the judgment recites a finding of guilt on the charge of 'felonious assault.' He points out that no reference was made to malice, the distinguishing feature between the offenses defined by § 559.180 and § 559.-190, RSMo 1959. He contends that the judgment and sentence is for the offense defined by § 559.190. Appellant's contention is based upon the

photostatic copy of his commitment, attached to his petition. The judgment proper is the basic record. Williford v. Stewart, 355 Mo. 715, 198 S.W.2d 12, 14 [3, 4]. The transcript on appeal does not contain a copy of the record judgment in the assault case. The judge's minutes appear, but the offense to which defendant entered his plea is not shown in the minutes. If the commitment truly reflects the recorded judgment, there is merit in appellant's contention. An offense under § 559.190 is an included offense in a charge under § 559.180. State v. Parrish, Mo.Sup., 214 S.W.2d 558, 560 [8–10]; State v. Brown, Mo.Sup., 165 S.W.2d 420, 421 [2, 3]. The judgment is required to state 'briefly the offense for which [the] conviction shall have been had * * *.' § 546.590, RSMo 1959, V.A.M.S. Here the description of the offense is not sufficient to describe an offense under § 559.180, although it is adequate for the included offense under § 559.190. Therefore, if such is the true state of the record, the only conviction of record is for an offense for which the maximum punishment is five years' imprisonment. § 559.190. *Relief is afforded, under Rule 27.26 V.A.M.R. to a prisoner being detained under a 'sentence in excess of the maximum sentence authorized by law * * *,'* and appellant would be entitled, in this proceeding, to the correction of his sentences within the limit of the punishment for the crime specified by the court's judgment. The matter must be remanded to the trial court for its further consideration and action in these premises." (Emphasis added.) 408 S.W.2d at 92–93.

Petitioner further states that, on remand, the trial court reimposed the same sentence. Petitioner does not state the trial court's finding on whether the "commitment truly reflect[ed] the recorded judgment."

█ Whatever the merits of petitioner's contention, however, it is readily apparent from the foregoing that peti-

tioner has not exhausted his currently available state remedies. Petitioner contends that he has no currently available right of appeal from the reimposed sentence because his motion for a special order of the Missouri Supreme Court granting him leave to appeal out of time was denied on July 13, 1967. (Petitioner does not state the date on which the state trial court reimposed sentence.) But as noted by the Missouri Supreme Court in State v. Testerman, *supra*, relief is still available to petitioner under Missouri Criminal Rule 27.26, under which he may attack a sentence "in excess of the maximum sentence authorized by law." The fact that petitioner may have had a petition for habeas corpus denied by the Missouri Supreme Court for failure to state a claim on which relief might be granted does not constitute the exhaustion of state remedies. Wilwording v. Swenson (C.A. 8) 439 F.2d 1331 (1971); Cox v. Nash (W. D.Mo.) 226 F.Supp. 87; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196. Such a denial may be for failure to state the facts entitling the pleader to relief, or, more likely, in the case at bar, for failure to utilize the procedures available under Missouri Criminal Rule 27.26. Cox v. Nash, *supra*. Petitioner should therefore file a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the state trial court. Bosler v. Swenson (C.A. 8) 423 F.2d 257; Baines v. Swenson (C.A. 8) 384 F.2d 621; Collins v. Swenson (C.A. 8) 384 F.2d 623; White v. Swenson (W.D.Mo.) 261 F. Supp. 42; Russell v. Swenson, *supra*. From any adverse determination made by the state trial court on that motion, petitioner should appeal to the Missouri Supreme Court. In the absence of exceptional circumstances not stated to be present in the case at bar, only when the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions can his state remedies be deemed exhausted for the purposes of federal habeas jurisdiction. Russell v. Swenson, *supra*. In the absence of exceptional circumstances, also, a state

prisoner must exhaust his state remedies before invoking federal habeas jurisdiction. Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.