**STATE of Missouri, Respondent,**

v.

**Jimmy Wayne BEGLEY, Appellant.**

**No. 9869.**

Missouri Court of Appeals, Springfield District.

March 4, 1976.

John B. Newberry, Springfield, for appellant.

John C. Danforth, Atty. Gen., Robert H. House, Asst. Atty. Gen., Jefferson City, for respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

By amended information defendant was charged with felonious stealing, as defined and denounced by §§ 560.156 and 560.161, sec. 1, subsec. (2), RSMo 1969.[1] On June 3, 1974, defendant appeared in person and with counsel in open court. Arraignment was waived by counsel. The trial court asked defendant to identify himself, asked him if he were represented by counsel, and asked if defendant understood "that anything [counsel] says here is the same as though you were saying it". Defendant answered all these questions affirmatively. Addressing defendant's counsel, the court called upon the defendant to plead. Counsel answered, "We enter a plea of guilty to the charge." The court then inquired if defendant had "the questionnaire" filled out. The prosecutor and defendant's counsel announced that no questionnaire had been completed, because there were no blank forms available. The prosecutor stated and defendant's counsel agreed that some plea bargaining discussion had taken place. The trial court advised defendant that it did not "pay much attention" to plea bargains struck between the prosecutor and defense counsel, but indicated that it would rely on the presentence report. Advising defendant's counsel to fill out one of the

---

1. All references to statutes and rules are to RSMo 1969, V.A.M.S., and V.A.M.R.

questionnaires the trial court then made the following docket entry: "Amended Information filed. Reading of Information waived. Defendant files questionnaire. Defendant enters plea of guilty. Pre-sentence investigation ordered."

Four months thereafter, defendant, with additional counsel, appeared before the court and asked leave to file a motion to withdraw the plea of guilty, but the trial court, for various reasons, refused, granted allocution and sentenced defendant to two years' imprisonment. On October 15, 1974, defendant filed motions to "strike" or set aside the sentence, and moved in writing to set aside the plea of guilty and to grant defendant an evidentiary hearing. The trial court then filed orders made earlier, which we shall presently discuss, held a hearing, denied the motion to set aside the plea of guilty and sentenced defendant to imprisonment for a term of two years. Defendant has appealed.

▇▇▇▇ The State concedes the order denying defendant's motion to withdraw his plea of guilty is appealable, and we agree. *State v. Skaggs*, 248 S.W.2d 635, 636[2] (Mo.1952); *State v. Stephens*, 71 Mo. 535, 536–537 (1880). What has given us difficulty in this case is the state of the record, which we have tried—with minimal success—to call to the attention of the parties. It may be that Rule 28.02 no longer requires us to scrutinize and consider what used to be called the "record proper" but it nevertheless seems to us that basic constitutional requirements, as indicated in *Anders v. California*, 386 U.S. 738, 744–745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967), at least require this court to *read* the whole record, especially in view of the fact that defendant's appeal to this court is his "appeal of right". See *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *State v. Barnes*, 517 S.W.2d 155, 168–169 (Mo.App.1974).

Examining the whole record, we find that the purported sentence *and judgment of the* trial court is a docket entry dated October 17, 1974, which reads as follows:

"Motion to set aside defendant's plea of guilty heard at evidentiary hearing. Overruled. Allocution granted. Defendant sentenced to term of two years (2 yrs.) with the Department of Corrections at Jefferson City, Mo. Guard Ordered."

Careful, direct inquiry on our part reveals that no judgment and sentence have ever been spread of record in Cedar County; the docket entry we have just recited is "all there is". The State considers that the proper course for this court to follow, as indicated in *Skaggs*, supra, 248 S.W.2d at 638[9], would be to remand the cause for proper sentencing, but having examined the record further, we decline to do so.

Having sentenced the defendant to two years' imprisonment on October 8, and having—presumably—seen 1) defendant's written "motion to set aside defendant's plea of guilty and . . . grant defendant an evidentiary hearing", and 2) defendant's motion to strike the order of October 8 sentencing defendant to two years' imprisonment, the trial court, on October 10, 1974, made the following docket entry:

"Defendant files motion to strike entry made Oct. 8, 1974. Sustained. Defendant files motion to withdraw plea of guilty and enter plea of not guilty on grounds of newly discovered evidence. *Sustained.* (our emphasis) Matter set for hearing October 16, 1974."

This docket entry was expanded and spread of record on October 15, 1974. The order of record reads as follows:

"Now on this 10th day of October, 1974, the Motion of Defendant, James Wayne Begley, to strike the finding of the Court entered on the 8th of October, 1974, finding said defendant guilty and affixing his punishment at two years in the custody of the Department of Corrections of the State of Missouri, comes on for hearing and the same being heard, the Court does sustain said Motion and orders that said findings be stricken from the record. Further, the motion of defendant to set

aside his plea of guilty for an evidentiary hearing comes on for hearing, the motion for an evidentiary hearing is sustained and the same is set for October 17, 1974, at 9 o'clock a. m. in the Circuit Court of Cedar County, Missouri, at Stockton. The Motion to set aside the plea of guilty is held in abeyance pending such hearing."

■ We find this order inconsistent and confusing. The only "finding" necessary in connection with defendant's plea of guilty was a finding that defendant appeared (with counsel, unless properly waived) and that the plea itself was voluntarily entered. A guilty plea voluntarily made constitutes a conviction of the highest order, and authorizes immediate sentence if the indictment or information charges any crime. *Dusenberg v. Rudolph*, 325 Mo. 881, 886, 30 S.W.2d 94, 96 (banc 1930); *State v. Hamilton*, 337 Mo. 460, 465, 85 S.W.2d 35, 37[6] (1935). In determining what order the trial court actually entered, we can, of course, examine the records, the docket (which we have had supplied), the clerk's minutes and the record generally, *Calnane v. Calnane*, 223 Mo.App. 381, 384–385, 17 S.W.2d 566, 567[3] (1929), but our examination of the whole record only leads us to the conclusion that on October 10 the trial court, inadvertently or otherwise, set aside the defendant's guilty plea. We are hesitantly drawn to this conclusion, but our doubt must be resolved in favor of the defendant. Cf. *McCracken v. Kaiser*, 352 Mo. 799, 800, 179 S.W.2d 470, 471[4] (banc 1944).

■ In these peculiar and confusing circumstances, we must hold that the following rule of law, generally but accurately stated in 22 C.J.S. Criminal Law § 421(8), pp. 1166–1167 (1961), governs.

It is there said:

"[A]n order allowing withdrawal of a plea of guilty after judgment is tantamount to an order setting aside the judgment, as, when the plea is withdrawn, the judgment falls for lack of support. The withdrawal of a plea does not affect the arraignment. Accused merely stands in the same attitude, and with the same rights and privileges, as if no plea had been entered; and a new plea, if offered by him, must be received if sufficient."

See, in this connection, *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927); *United States v. Denniston*, 89 F.2d 696, 698[5, 6] (2d Cir. 1937); *Gibbons v. Territory*, 5 Okl.Cr. 212, 115 P. 129, 131[14] (1911). We must, and do hold, that upon the record, the cause stands before the trial court without a valid plea to the charge.

Even if the record were otherwise, we have serious doubt that the record sustains the trial court's conclusion that the plea was voluntarily entered, but we need not discuss the basis for our reservation in this respect. It is ordered that the cause be remanded and that defendant be allowed to plead anew.

All concur.