NUMBER 13-03-035-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





EMMANUEL PERALTA MORALES,                                            Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 339th District Court
of Harris County, Texas.




CONCURRING MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Concurring Memorandum Opinion by Justice Castillo

          I write separately because the majority summarily states that this Court
independently reviewed the record for error without explaining what that review entailed. 
I do not believe Penson permits us to be conclusory in reciting our compliance with our
independent duty under Anders any more than it permits Anders counsel to summarily
conclude that an appeal is meritless. See Penson v. Ohio, 488 U.S. 75, 80 (1988); see
also Anders v. California, 386 U.S. 738, 744-45 (1967); High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). 
          This is an appeal following a jury trial in a murder case. The trial court has certified
that Morales has the right of appeal. See Tex. R. App. P. 25.2(a)(2). Accordingly, just as
we required of Anders counsel in this case, I would detail our independent review of the
indictment, pre-trial motions, voir dire, opening statements, legal and factual sufficiency of
the evidence, the jury charge, closing argument, and the punishment phase. See Gearhart
v. State, 122 S.W.3d 459, 465-69 (Tex. App.–Corpus Christi 2003, pet. dism'd) (detailing
independent review undertaken in appeal following jury trial); Beckette v. State, 31 Md.
App. 85, 98 (Md. Ct. Spec. App. 1976) (discussing scope of independent review following
jury trial); see also Chavez v. State, Nos. 13-03-174-CR & 13-03-175-CR, 2004 Tex. App.
LEXIS 5100, at *37 (Tex. App.–Corpus Christi June 10, 2004, no pet. h.) (discussing
independent review undertaken in appeals following guilty pleas) (designated for
publication); Martinez v. State, 791 A.2d 751, *3-*11 (Del. 2002) (not yet released for
publication in the permanent law reporters) (detailing independent review performed by
appellate court); cf. State v. Benjamin, 573 So. 2d 528, 531 (La. Ct. App. 1990) (discussing
scope of independent review undertaken by appellate court). 
          An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Similarly, we should inform the parties what we have done, not
just assure them we have done it, "especially in view of the fact that defendant's appeal to
this court is his 'appeal of right.'" State v. Begley, 534 S.W.2d 632, 634 (Mo. Ct.
App. 1976) (quoting Ross v. Moffitt, 417 U.S. 600, 607 (1974); State v. Barnes,
517 S.W.2d 155, 168-69 (Mo. Ct. App. 1974)). 
 
                                                                           ERRLINDA CASTILLO
                                                                           Justice


Publish

Tex. R. App. P. 47.2(b).

Concurring Memorandum Opinion delivered 
and filed this 19th day of August, 2004.