B.D. Griffin, Conroe, for appellants.

Don Stocking, Conroe, for appellees.

## OPINION

BROOKSHIRE, Justice.

Appeal arising from a post-judgment garnishment proceeding in which an agreed judgment between Texas Commerce Bank–Conroe, N.A. (TCB) and Gibraltar Savings Association (Gibraltar) was entered over the objection of the Del–Phi Engineering Associates, Inc., and Ernest W. DeLuca and wife, Linda V. DeLuca, referred to, collectively, as the Appellants. The TCB, garnisher, had obtained a money judgment against the Appellants, above named, and Michael Glezman & Associates, Inc., a Texas corporation.

The money judgment was obtained in Cause No. 41,146–CV, filed in the 221st District Court of Montgomery County. The money judgment resulted from a loan to a partnership, DEL–PHI ENGINEERING, in which DEL–PHI ENGINEERING ASSOCIATES, INC., and MICHAEL GLEZMAN & ASSOCIATES, INC., were partners and which said loan was guaran-

**DEL–PHI ENGINEERING ASSOCIATES, INC., Ernest W. DeLuca and Wife, Linda V. DeLuca, Appellants,**

v.

**TEXAS COMMERCE BANK–CONROE, N.A. and Gibraltar Savings Association, Appellees.**

No. 09 88 148 CV.

Court of Appeals of Texas, Beaumont.

April 27, 1989.

Rehearing Denied May 18, 1989.

teed by the individual Appellants, Ernest W. DeLuca and Linda V. DeLuca.

TCB filed its Application for Writ of Garnishment After Judgment on November 13, 1987, naming Gibraltar Savings Association as the garnishee. Gibraltar was served at its branch location in Conroe, Montgomery County. No service was issued or obtained upon the Appellants.

Gibraltar answered and, later, by an Amended Answer, stated that it was indebted to the Appellants by two deposit accounts. Gibraltar's Amended Original Answer admitted that, in one account, being Account Number 31–391459–6, in the name of Ernest W. DeLuca or Linda V. DeLuca, a balance existed in the amount of $21,424.55, as of the date of the service of the Writ of Garnishment, and a second account, being Account Number 47–575323–1, in the name of Del–Phi Engineering, had a balance of $20,973.32 on the date that the garnishee was served with the writ.

TCB gave no notice to the Appellants. Gibraltar gave no notice to the Appellants and Gibraltar did not interplead or implead the Appellants. Nevertheless, the Appellants filed their Motion to Dissolve Writ of Garnishment After Judgment, leveling no attack on Gibraltar's amended answer. Appellants, from the record before the District Judge, assumed the burden of their own Motion to Dissolve Writ of Garnishment.

One of the main thrusts of the Appellants' motion to dissolve the writ of garnishment after the judgment was that garnishment was not a common law procedure and was unknown to the common law. Appellants maintain that garnishment proceedings are wholly statutory and, as such, strict compliance with the statutory requirements is mandatory, citing to us, however, generally, *TEX.R.CIV.P. 657 through 659* (Vernon 1967 and Vernon Supp.1989). The Appellants also averred that the District Court failed to issue a proper order upon which the writ of garnishment after judgment could have been based and that the Appellants-debtors did not receive service of the Writ of Garnishment nor a notice informing the debtors of the debtors' various rights, such as a right to file a replevy bond. Appellants further averred that TCB had knowledge of other property of Michael Glezman and Associates, Inc., which was, and is, more than sufficient to satisfy the judgment and which property was subject to the garnishment after judgment. These various facts were alleged to be well known to TCB.

Pleading affirmatively, the Appellants stated that the Account Number 47–575323–1, held in the name of Del–Phi Engineering, constituted a qualified retirement plan, which was said to be exempt from execution for the payment of the debt owed to TCB, and that, in the other Account Number 31–391459–6, standing in the name of Ernest and Linda DeLuca, the sum of $2,638.59, was a roll-over balance from an individual retirement account. Hence, it was alleged, the $2,638.59 is exempt from execution. After the Appellants had filed their Motion to Dissolve Writ of Garnishment After Judgment, the trial court overruled the same. This action was taken after hearing arguments of certain attorneys but without taking evidence. However, no evidence or testimony was proffered by the Appellants. A timely-filed Motion for New Trial, on behalf of the Appellants, was overruled.

There were two short hearings before the District Judge; one was on January 14, 1988. The second one was held on January 18, 1988. This second hearing was by agreement. In fact, this second hearing and the time thereof were specifically requested by the then trial attorney for the Appellants. This trial attorney's request advised the court that the assets of his clients were frozen. We find, in the record:

"[TRIAL COUNSEL FOR APPELLANTS]: ... This won't take, I don't think, five or ten minutes for you to rule on and since it has got some—a good deal of money frozen, it is realy [sic] rather a pressing matter. I wonder if you can dispose of this Monday morning?

"THE COURT: I can dispose of it Monday or Friday of this week.

"[TRIAL COUNSEL FOR APPELLANTS]: I was going to be in a seminar in Houston tomorrow. I would like to do it on Monday if we could.

"THE COURT: How about Monday morning, 9:00. [?]

"[TRIAL COUNSEL FOR APPELLANTS]: This is fine with me, Judge."

Again, no evidence was taken. No evidence, at all, was heard. The trial lawyer for the Appellants did take the initiative and asked the District Judge to vacate the writ, itself, citing *TEX.R.CIV.P. 663.* However, trial attorney for Appellants in the case, at that time, represented and informed the court that he had a "certificate of deposit that represents those funds and it says that it is a qualified plan." This attorney took the position that this certificate of deposit was in the nature of a defense and should be raised at some later time. However, this certificate was not placed in the record before the trial court; nor was it exhibited to the trial court; nor is it in the record on appeal. Only a verbal statement was made relevant to the $2,638.59 alleged as a roll-over balance.

Then, the trial lawyer for the Appellants said to the court that the relevant rule provides that, after the service of the writ of garnishment on the garnishee, the garnishee is then definitely required to give notice to the debtor. He argued *TEX. R.CIV.P. 663* (Vernon 1967), and *Rule 658* (Vernon Supp.1989), to the trial court. The attorney for the garnisher conceded in his statements to the court that notice was not sent to the debtors under *TEX.R.CIV.P. 663* (Vernon 1967) or *Rule 21a* (Vernon Supp.1989), or any other rule. Nevertheless, we perceive the second hearing was properly held, by agreement; notice, in effect, was waived. The debtors had ample opportunity to present their defenses. The judgment held and owned by TCB was final for garnishment purposes.

The trial court had before it the final judgment dated November 13, 1987, in Cause No. 41,146–CV, in the District Court of Montgomery County, Texas, 221st Judicial District, in which said final judgment the applicant, Texas Commerce Bank–Conroe was the plaintiff and the defendants were Del–Phi Engineering Associates, Inc., Michael Glezman & Associates, Inc., Ernest W. DeLuca and wife, Linda V. DeLuca, wherein the Texas Commerce Bank–Conroe recovered a final judgment against the judgment debtors in the principal sum of $27,329.76, together with interest at the lawful rate, and for court costs against the said judgment debtors, jointly and severally. The said trial court had before it this judgment which was final, valid and subsisting and was wholly unsatisfied. Nevertheless, the movants, the Appellants, here, failed to prove that the value of the property garnisheed exceeded the amount necessary to secure the debt, discharge the judgment in full with interest for one year and probable cost. The Appellants also failed to prove the facts to justify any substitution of property although they merely pleaded that there was sufficient collateral in the possession of Michael Glezman & Associates, Inc.

The Appellants joined two issues, by pleadings only, with the Writ of Garnishment After Judgment, as well as with Gibraltar's answers thereto. These issues were pleaded by the Motion to Dissolve Writ of Garnishment After Judgment. However, Appellants offered no proof whatsoever; no bills of exceptions were made.

Even if some part of the monies in the two accounts could have possibly had special or exempt characteristics; nevertheless, they were commingled with other monies. We stress that no proof having probative force is before us to show that any of the monies were exempt from garnishment. Appellants have shown no error and we decide that the district court had both jurisdiction and venue under this record.

We acknowledge that the trial attorney for the Appellants was different from their attorney on appeal. Nevertheless, after the District Judge solemnly pronounced his judgment and signed the same on January 28, 1988, the Appellants, at that point, could have made appropriate bills of exception. None were perfected. Furthermore, it is interesting and significant to note that

Gibraltar's pleadings do not set out, in anywise, any special or exempt character of the funds or properties. The Appellants do not quarrel with Gibraltar's answers.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority approves an order of garnishment based upon *NO EVIDENCE*. They acknowledge that appellant plead affirmatively that one account constituted a qualified retirement plan and the other was a roll-over balance from an individual retirement account. They further acknowledge that appellants joined two issues by the motion to dissolve the writ. The majority goes on to affirm because appellants offered no proof of their affirmative defenses. The majority simply casts aside their own recognition that no evidence was heard at either of the two "hearings". They penalize appellants for not producing evidence while, in practicality, rewarding appellees for not producing evidence. It seems overly simple to me. Appellants, by their motion to dissolve the writ, joined the issue. It then became incumbent upon appellees to prove, by competent evidence, a prima facie case of entitlement to the funds. Once appellees did that, appellants were required to prove, by competent evidence, their affirmative defenses. We all agree the latter did not occur and seem to agree neither did the former. What we disagree upon is the legal result. I would hold that appellees' failure to produce evidence must result in a reversal. I therefore respectfully dissent to the affirmance.