**Emmanuel Peralta MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-03-035-CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 19, 2004.

Rehearing Overruled Sept. 24, 2004.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for appellant.

Emmanuel Peralta Morales, Amarillo, pro se.

Kyle B. Johnson, Charles A. Rosenthal, Jr., Dist. Attorney–Harris County, Houston, for state.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## MEMORANDUM OPINION

Opinion by Chief Justice VALDEZ.

After a jury trial, appellant, Emmanuel Peralta Morales, was convicted of murder and sentenced to twenty years imprisonment in the Texas Department of Criminal Justice, Institutional Division. We conclude this appeal is frivolous and without merit. We affirm.

## I. FACTS

As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex.R.App. P. 47.4.

## II. *ANDERS* BRIEF

On November 24, 2003, appellant's counsel filed a brief with this Court in which he concluded the appeal is frivolous and without merit. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, counsel states: (1) he diligently reviewed the appellate record and the applicable law; (2) he found no grounds of error on which an appeal could be based; (3) in his opinion, the appeal is without merit and is frivolous; and (4) he served a copy of this brief on appellant with a letter informing appellant of his right to examine the entire appellate record and to file a *pro se* brief on his own behalf. In counsel's brief, counsel reviews the indictment, voir dire, evidence introduced at trial, arguments, jury charge, and objections made by trial counsel during the underlying proceedings. With citations to the record and legal precedent, counsel explains why he concludes the appeal is without merit. The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *Id.* at 744–45, 87 S.Ct. 1396; *Stafford v. State,* 813 S.W.2d 503, 509–10, 510 n. 3 (Tex.Crim. App.1991); *High v. State,* 573 S.W.2d 807, 812–13 (Tex.Crim.App. [Panel Op.] 1978).

On November 24, 2003, appellate counsel also filed a motion for extension of time to file a *pro se* brief, requesting that we allow appellant ninety days to file his brief. We granted the motion. The ninety days have passed, and appellant has not filed a *pro se* brief.

## III. INDEPENDENT REVIEW

■ Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Ybarra v. State,* 93 S.W.3d 922, 926 (Tex.App.-Corpus Christi 2002, no pet.). We have reviewed the entire record and find that the appeal is wholly frivolous. *See Stafford,* 813 S.W.2d at 509.

The dissent faults us for "summarily" stating we have independently reviewed the record and suggests that we have not properly complied with the requirements of *Penson. Penson* requires us, on receipt of an *Anders* brief, to conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. *Penson,* 488 U.S. at 80, 109 S.Ct. 346. *Penson* does not require us to describe our review in detail. We have properly complied with the requirements of *Penson.*

Moreover, this is a memorandum opinion. Under rule 47.4 of the rules of appellate procedure, a memorandum opinion should be brief and *"no longer than necessary* to advise the parties of the court's decision and the basic reasons for it." TEX.R.APP. P. 47.4 (emphasis added). While in certain instances, a detailed explanation of what our independent review entailed may be required, we conclude this is not such a case and details of our review here would render this opinion longer than necessary under rule 47.4.

Because we find the appeal to be wholly frivolous, we affirm the judgment of the trial court.

## IV. APPELLATE COUNSEL

Appellate counsel filed a motion to withdraw in connection with his *Anders* brief. We grant the motion. *See Moore v. State,* 466 S.W.2d 289, 291 n. 1 (Tex.Crim.App. 1971); *see also Stafford,* 813 S.W.2d at 511.

We order counsel to advise appellant promptly of the disposition of this case and the availability of discretionary review.

*See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App.1997) (per curiam).

Concurring opinion by Justice CASTILLO.

ERRLINDA CASTILLO, Justice, concurring.

I write separately because the majority summarily states that this Court independently reviewed the record for error without explaining what that review entailed. I do not believe *Penson* permits us to be conclusory in reciting our compliance with our independent duty under *Anders* any more than it permits *Anders* counsel to summarily conclude that an appeal is meritless. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *see also Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978).

This is an appeal following a jury trial in a murder case. The trial court has certified that Morales has the right of appeal. *See* Tex.R.App. P. 25.2(a)(2). Accordingly, just as we required of *Anders* counsel in this case, I would detail our independent review of the indictment, pre-trial motions, voir dire, opening statements, legal and factual sufficiency of the evidence, the jury charge, closing argument, and the punishment phase. *See Gearhart v. State,* 122 S.W.3d 459, 465–69 (Tex.App.-Corpus Christi 2003, pet. dism'd) (detailing independent review undertaken in appeal following jury trial); *Beckette v. State,* 31 Md.App. 85, 98, 355 A.2d 515 (Md.App. 1976) (discussing scope of independent review following jury trial); *see also Chavez v. State,* Nos. 13–03–174–CR & 13–03–175–CR, 139 S.W.3d 43, 59, 2004 Tex.App. LEXIS 5100, at *37 (Tex.App.-Corpus Christi June 10, 2004, no pet. h.) (discussing independent review undertaken in appeals following guilty pleas) (designated

for publication); *Martinez v. State,* 791 A.2d 751, 2002 WL 272358, *3–*11 (Del. 2002) (not yet released for publication in the permanent law reporters) (detailing independent review performed by appellate court); *cf. State v. Benjamin,* 573 So.2d 528, 531 (La.Ct.App.1990) (discussing scope of independent review undertaken by appellate court).

An *Anders* brief must provide references to both legal precedent and pages in the record to demonstrate why there are no arguable grounds to be advanced. *High,* 573 S.W.2d at 812. Similarly, we should inform the parties what we have done, not just assure them we have done it, "especially in view of the fact that defendant's appeal to this court is his 'appeal of right.'" *State v. Begley,* 534 S.W.2d 632, 634 (Mo.Ct.App.1976) (quoting *Ross v. Moffitt,* 417 U.S. 600, 607, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *State v. Barnes,* 517 S.W.2d 155, 168–69 (Mo.Ct.App.1974)).