NO. 07-04-0083-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 30, 2004



______________________________




CANDELARIO MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14878-0303; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of not guilty, appellant Candelario Martinez was convicted by a
jury of failure to stop and render aid, and the court assessed punishment at five years
confinement, probated for five years, and a $5000 fine. In presenting this appeal, counsel
has filed an Anders (1) brief in support of a motion to withdraw. We affirm and grant
counsel's motion to withdraw. 

 On the evening of January 25, 2003, the victim was helping friends haul a hay bale
to one of their homes, when the bale rolled off the truck and landed in the middle of the I-27 service road. While attempting to load the bale back onto the truck, the victim was
struck by a vehicle driven by appellant. Appellant slowed down after striking the victim, but
did not stop. Instead, he drove home, phoned his daughter, and "instructed her to call
someone." When DPS Trooper Guadalupe DeLuna arrived at the scene he located the
victim, flanked by his friends, lying in the bar ditch. According to DeLuna, the victim's
"breathing was real shallow," "he was injured pretty bad," and "he was just lying there
unresponsive." Emergency personnel responded to the scene and transported the victim
to the hospital, where he later died from his injuries. Testing of the blood sample taken
from the victim on the night of the offense revealed that it "contained 0.23 grams of alcohol
per 100 ml." 

 After leaving the crime scene, DeLuna went to appellant's house and talked to him
about the accident. Appellant admitted that "he was the one that was involved in the
accident . . . 'north of town,'" and that "he knew he had hit somebody." Appellant then
voluntarily accompanied officers to the hospital where he provided them with a specimen
of his blood for purposes of determining blood alcohol content. Testing of appellant's
blood revealed "No alcohol detected." 

 The Hale County Grand Jury returned a two count indictment against appellant
alleging manslaughter in count one and failure to stop and render aid in count two. At trial,
appellant testified and vigorously asserted the defense that the victim's negligence in being
intoxicated and standing on the roadway at night mitigated appellant's responsibility for,
if not directly resulted in, the victim's demise. With regard to count two, appellant claimed
that he did not stop and render aid because he was afraid that the victim's friends "were
going to beat [him] up or hurt [him] or even kill [him]." In its charge, the court instructed the
jury on the law related to manslaughter and its lesser included offense, criminally negligent
homicide. The court also included an instruction on the affirmative defense of duress. By
its verdict, the jury found in favor of appellant as to count one, but rejected the duress
defense associated with count two.

 By his brief, counsel certifies that he diligently reviewed the record and, in his
opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. 
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He,
thus, concludes the appeal is frivolous and without merit. In the brief, counsel discusses
why, under the controlling authorities, there is no error in the court's judgment. See High
v. State, 573 S.W.2d 807, 813 (Tex. Cr.App. 1978). 

 We discern from the record that, in addition to providing appellant with a copy of the
motion to withdraw, counsel also included a letter informing appellant that, in his view, the
appeal is without merit. In the letter, counsel notified appellant of his right to review the
record and file a pro se response. Appellant did not avail himself of that right, and the
State did not favor us with a brief. Nevertheless, since this is an Anders case, we must
conduct an independent examination of the record for error. (2) See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). 

1. The Indictment


 The indictment properly alleges the offenses of manslaughter and failure to stop and
render aid. See Tex. Pen. Code Ann. § 19.04(a) (Vernon 2003) and Tex. Trans. Code
Ann. § 550.021(c) (Vernon 1999). (3) Assuming arguendo that errors did exist in the
indictment, the error could not be raised on appeal because appellant did not file a pretrial
motion alleging error in it. See Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.
2004-05). Thus, we find no arguable error in the indictment.

2. Pretrial Motions


 The record reflects the trial court entered a standard discovery order imposing upon
the State the continuing duty to disclose to appellant various matters relevant to the
preparation of his defense. Additionally, the order encouraged the parties "to avoid filing
motions that duplicate any of" its provisions. No pretrial motions appear in the record. The
docket sheet reflects that, while a pretrial hearing was called for June 9, 2003, neither
appellant nor his attorney appeared. Considering the breadth of the court's discovery
order, and given the absence of any pretrial rulings adverse to appellant, we discern no
error in the pretrial proceedings. 

3. Voir Dire


 A review of the voir dire examination shows that some venire members were
acquainted with various potential State witnesses. However, in every case, the members
indicated their relationships with the potential witnesses did not "rise to such a level that
[they] would have difficulty being fair and impartial if [the witnesses] were to testify." 
Neither the State nor appellant exercised any challenges for cause. Thus, the trial court
could not have erroneously ruled. See Johnson v. State, 43 S.W.3d 1, 5 (Tex.Cr.App.
2001)(noting that denial of a proper challenge for cause is error because the make up of
the jury affects its decision). Furthermore, the trial court did not limit appellant's
questioning of the jury. See Nunfio v. State, 808 S.W.2d 482, 485 (Tex.Cr.App. 
1991)(holding that error in the denial of a proper question which prevents the intelligent
exercise of peremptory challenges is an abuse of discretion, not subject to harm analysis). 
We, therefore, find no arguable error in the voir dire proceedings.

4. Opening Statements


 As a general rule, a timely and reasonably specific objection is required to preserve
error for appellate review. Tex. R. App. P. 33.1(a); Hull v. State, 67 S.W.3d 215, 217
(Tex.Cr.App. 2002). Although each side presented opening statements, neither objected
to the other's. Appellant has, thus, waived any error in the State's opening statement. Id. 
Moreover, we find no arguable error in the State's opening statements. 

5. Legal and Factual Sufficiency of the Evidence


 It is a fundamental rule of criminal law that one cannot be convicted of a crime
unless it is shown beyond a reasonable doubt that the defendant committed each element
of the alleged offense. U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03
(Vernon Supp. 2004-05); Tex. Pen. Code Ann. 2.01 (Vernon 2003). In conducting a legal
sufficiency review, we must determine whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318,
99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612
(Tex.Cr.App. 2001). As an appellate court, we may not sit as a thirteenth juror, but must
uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum
of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). In measuring
the sufficiency of the evidence to sustain a conviction, we measure the elements of the
offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234,
240 (Tex.Cr.App. 1997). 

 After conducting a legal sufficiency review, we may proceed with a factual
sufficiency review. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). As an
appellate court, we view all the evidence in a neutral light, favoring neither party. Johnson
v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We will set aside the verdict only if: (1) it is
so weak as to be clearly wrong and unjust; or (2) the adverse finding is against the great
weight and preponderance of the available evidence. Id. It is the exclusive province of the
jury to determine the credibility of the witnesses and the weight to be given their testimony,
and unless the record demonstrates a different result is appropriate, we must defer to the
jury's determination. Id. at 8. 

 Appellant admitted he drove the vehicle that struck and killed the victim. He also
conceded that he did not stop to check on the welfare of the victim. Measuring appellant's
testimony against a hypothetically correct jury charge, we conclude it established that (1)
he was involved in an accident resulting in injury to or death of a person; and that he did
not (2) immediately stop the vehicle at, or immediately return it to, the scene of the
accident or as close to the scene as possible; and (3) remain at the scene of the accident
until he had complied with his duty to give information and render aid. See Tex. Trans.
Code Ann. § 550.021(a). Therefore, appellant's testimony alone demonstrated beyond a
reasonable doubt the elements of the offense of failure to stop and render aid. 
Furthermore, appellant's only defense to the charge with which he was convicted was that
of duress. See Tex. Pen. Code Ann. § 8.05(a). This, however, the jury was free to believe
or disbelieve. Goodman v. State, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001)(holding that it
is the jury that accepts or rejects reasonably equal competing theories of a case). Given
appellant's obvious interest in the outcome of the trial, and the State's witnesses' testimony
that they did not threaten appellant, a rational jury was entitled to find that he had not
proven his affirmative defense by a preponderance of the evidence. See Tex. Pen. Code
Ann. § 2.04(d). In short, the proof of appellant's guilt is not so obviously weak as to
undermine confidence in the jury's determination. See King, 29 S.W.3d, 556, 563.
(Tex.Cr.App. 2000). Neither do we find that the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Id. We, thus, find no arguable factual or
legal sufficiency ground of error. 

6. Closing Argument


 Appellant made no objections to the State's closing arguments; therefore, he
waived any error. See Tucker v. State, 990 S.W.2d 261, 262 (Tex.Cr.App. 1999). 
Furthermore, we find no arguable error in the State's closing arguments.

7. Punishment Phase


 Again, a timely and reasonably specific objection is required to preserve error for
appellate review. Tex. R. App. P. 33.1(a); Hull, 67 S.W.3d at 217. Appellant did not object
during the punishment phase on any basis; therefore, he waived any challenge to the
sentence imposed. See Rhodes v. State, 934 S.W.2d 113, 120 (Tex.Cr.App. 1996). 
Furthermore, the five year probated sentence and $5000 fine were within the range of
punishment prescribed by statute. See Tex. Trans. Code Ann. § 550.021(c). Resultantly,
we find no arguable error in the punishment phase. 

8. Ineffective Assistance of Counsel


 A claim of ineffective assistance of counsel is reviewed under the standard set out
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
that standard, a defendant must establish that: (1) counsel's performance was deficient
because it fell below an objective standard of reasonableness; and (2) a reasonable
probability sufficient to undermine confidence in the outcome existed that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003). Failure to make the required showing
of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.
Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021,
115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Any allegation of ineffective assistance of
counsel must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813
(Tex.Cr.App. 1999). Generally, the record on direct appeal will not be sufficient to show
that counsel's conduct was so deficient as to meet the first prong of the Strickland standard
as the reasonableness of counsel's choices often involves facts that do not appear in the
record. See Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Instead, an
application for a post-conviction writ of habeas corpus is usually the appropriate manner
in which to raise and develop claims based on ineffective assistance of counsel. Id. Here,
the record contains no evidentiary support for any claim of ineffective assistance of
counsel. To the contrary, we conclude that the fact that appellant was acquitted of
manslaughter, the higher degree offense charged in count one, is at least some evidence
of trial counsel's effectiveness. Thus, having found no non-frivolous issues, we agree with
counsel that the appeal is without merit. Currie v. State, 516 S.W.2d at 684. 

 Accordingly, the judgment of the trial court is affirmed, and counsel's motion to
withdraw is granted. 


 Don H. Reavis

 Justice


Do not publish.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. While recognizing the tenets of a memorandum opinion, we deem the facts of this
case to present one of the "certain instances" warranting a detailed explanation of what our
independent review entailed. Morales v. State, ___ S.W.3d ___, No. 13-03-035-CR, 2004
WL 1854213, at *1 (Tex.App.-Corpus Christi August 19, 2004, no pet. h.)
3. Considering appellant was acquitted of manslaughter, we will focus our analysis to
the remaining count of failure to stop and render aid.



ion Locked="false" Priority="60" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0248-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
17, 2010

 



 

CHARLES WILLIAMSON A/K/A CHARLES J. WILLIAMSON,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS AND WELLS FARGO BANK, N.A.,  

 

                                                                                         Appellees

_____________________________

 

FROM THE COUNTY COURT AT LAW NO 1 OF TRAVIS
COUNTY;

 

NO. C-1-CV-09-001389; HONORABLE J.
DAVID PHILLIPS, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Charles
Williamson (Williamson) files a pro se direct
appeal from the trial courts order denying his motion to intervene and quash a
garnishment against funds of his held by Wells Fargo Bank, N.A. (Wells
Fargo).  He also asserts a restricted
appeal with respect to the propriety of the garnishment.  We reverse the order.

            Background

            The State of
Texas filed an application for a writ of garnishment against Wells Fargo on
February 9, 2009, to obtain money from bank accounts of Williamson for payment
on a judgment entered on September 8, 1997, against Williamson with respect to
a student loan obtained from the State. 
The record presented on appeal does not show service of the application
on Williamson at the time of its filing.[1]  A judgment agreed to by the State and Wells
Fargo was entered on February 24, 2009.  
That judgment was later amended by a judgment dated March 3, 2009, in
which the State recognized that some of the money in Williamsons accounts was
exempt, and it was released for his benefit. 
The record indicates that, prior to the entry of the March 3 judgment,
Williamson had contacted the State claiming that some or all of the money was
exempt.  Thus, it is clear that he had
actual knowledge of the garnishment prior to entry of the March 3
judgment.  There is also evidence that at
some point he received a copy of the application from either the State or Wells
Fargo.  

            Williamson filed
an amended motion to intervene and quash the garnishment on March 10, 2009,
after entry of the final judgment.[2]  In that motion, he raised the lack of notice
to him as well as other defenses.  On
April 28, 2009, the court conducted a hearing on the motion at which time the
court ruled that it no longer had jurisdiction 
because the hearing had not been held within ten days pursuant to Rule
664a of the Rules of Civil Procedure. 
Thus, the merits of Williamsons motion to intervene and quash were
never addressed.  He then filed both a
direct appeal from the trial courts order and a restricted appeal.  

            Order on Motion to Intervene and Quash

            First,
Williamson challenges the trial courts order denying his motion to intervene
and to quash the garnishment by arguing that the trial court had jurisdiction
to consider them.[3]  Rule 664a provides:  

A defendant
whose property or account has been garnished or any party who claims an
interest in such property or account, may by sworn written motion, seek to
vacate, dissolve or modify the writ of garnishment, and the order directing its
issuance, for any grounds or cause, extrinsic or intrinsic. . . . Unless the
parties agree to an extension of time, the motion shall be heard promptly,
after reasonable notice to the plaintiff . . ., and the issue shall be
determined not later than ten days after the motion is filed.  Williamson contends this rule is for the
benefit of the debtor and should not be used to deprive him of the right to
intervene.  

 

            Several
courts have found that this rule is not jurisdictional.  See
Cloughly v. NBC Bank-Seguin, N.A., 773 S.W.2d 652, 658 (Tex. App.San
Antonio 1989, writ denied) (holding that the failure to hold a hearing within
ten days was waived when the debtor made no complaint); Kyanize Paints, Inc. v. Denton, No. C14-91-00705-CV, 1992 Tex. App.
Lexis 1379 at *7-8 (Tex. App.Houston
[14th Dist.] May 21, 1992, no writ) (not designated for publication)
(stating that a hearing beyond ten days was not precluded when the creditor was
the complaining party).  That the parties
may agree to an extension of the deadline further illustrates the
non-jurisdictional nature of the period; if jurisdictional, the parties cannot
negotiate it or manufacture new periods. Good
Shepherd Medical Center, Inc. v. State, 306 S.W.3d 825, 837 (Tex. App.Austin
2010, no pet.) (stating that subject matter jurisdiction cannot be conferred by
agreement).    Williamson further argues that he was informed
by a court employee that he could not obtain a hearing for three weeks.[4]  The purpose of the notice requirement and the
opportunity to intervene is to provide the debtor with due process.  See
Hering v. Norbanco Austin I, 735 S.W.2d 638, 641 n.5 (Tex. App.Austin
1987, writ denied).   The inability of a courts docket to hear the
motion within ten days of its filing should not be used to punish the
debtor.  We find the trial court was not
precluded by Rule 664a from hearing the merits of the matter.

            The court
also discussed the fact that thirty days had passed since the judgment had been
entered.  A courts plenary power ends
thirty days after all timely filed motions to grant a new trial or to vacate,
modify, or correct a judgment are overruled. Sims v. Fitzpatrick, 288 S.W.3d 93, 105 (Tex. App.Houston [1st
Dist.] 2009, no pet.).   Williamson filed
his verified motion to intervene and to quash the garnishment within thirty
days of the entry of the judgment.  Since
the statutes pertaining to garnishments do not specify a time period within
which a motion to vacate, dissolve or modify a writ of garnishment may be
filed, we presume that the courts plenary power is the same as in other
proceedings.  That being so, we will treat
Williamsons motion as a post-judgment motion to vacate the judgment.  Since the court ruled on it within the
prescribed time limits, see Tex. R. Civ. P. 329b(c), we find that
the trial court had jurisdiction.

            Our ruling
on this matter precludes the need to discuss other issues raised by appellant
or his restricted appeal.  We reverse and
remand to the trial court for further proceedings.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Pirtle, J., concurs in result only.











[1]Rule
663a of the Rules of Civil Procedure provides for service of the writ on the
defendant.  Moreover, specific language
must be used in that notice.  Several
courts have held that the trial court errs in granting a writ of garnishment
when there is no proof of service in strict compliance with the statute even if
the defendant had actual notice.  Lease Finance Group, LLC v. Childers, 310
S.W.3d 120, 126 (Tex. App.Fort Worth 2010, no pet.); Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A., 305 S.W.3d
813, 817-18 (Tex. App.Austin 2010, no pet.); Abdullah v.State, 211 S.W.3d 938, 942-43 (Tex. App.Texarkana
2007, no pet.); Mendoza v. Luke Fruia
Invs., 962 S.W.2d 650, 651-52 (Tex. App. Corpus Christi 1998, no pet.); but see Del-Phi Engineering Associates, Inc.
v. Texas Commerce Bank-Conroe, N.A., 771 S.W.2d 589 (Tex. App.Beaumont
1989, no writ) (stating that even though notice of the garnishment was not sent
to the debtors, a hearing on the motion to vacate the writ was properly held by
agreement as notice was, in effect, waived). 
Moreover, a recitation in the judgment that notice has been given does
not create a presumption in favor of the garnishor.  Lease
Finance Group, LLC v. Childers, 310 S.W.3d at 126.





[2]The
court indicated that Williamson had filed a motion to intervene and quash on
March 6, 2009, but that document is not contained in the clerks record.  





[3]Wells
Fargo contends that appellants notice of appeal is untimely because he
appealed from the courts order and not from the final garnishment
judgment.  However, we have jurisdiction
to determine the trial courts jurisdiction. 
State v. Morse, 903 S.W.2d
100, 102 (Tex. App.El Paso 1995, no writ) (court of appeals may address the
propriety of the county courts exercise of jurisdiction or refusal to do so
under its general jurisdiction).  





[4]Appellant
apparently did not attempt to set a hearing until after the ten days had
passed.  However, it appears that the
trial court may not have been able to accommodate a hearing within ten days.