NO. 07-04-0083-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2004

_____

CANDELARIO MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14878-0303; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Candelario Martinez was convicted by a jury of failure to stop and render aid, and the court assessed punishment at five years confinement, probated for five years, and a $5000 fine. In presenting this appeal, counsel

has filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

On the evening of January 25, 2003, the victim was helping friends haul a hay bale to one of their homes, when the bale rolled off the truck and landed in the middle of the I-27 service road. While attempting to load the bale back onto the truck, the victim was struck by a vehicle driven by appellant. Appellant slowed down after striking the victim, but did not stop. Instead, he drove home, phoned his daughter, and "instructed her to call someone." When DPS Trooper Guadalupe DeLuna arrived at the scene he located the victim, flanked by his friends, lying in the bar ditch. According to DeLuna, the victim's "breathing was real shallow," "he was injured pretty bad," and "he was just lying there unresponsive." Emergency personnel responded to the scene and transported the victim to the hospital, where he later died from his injuries. Testing of the blood sample taken from the victim on the night of the offense revealed that it "contained 0.23 grams of alcohol per 100 ml."

After leaving the crime scene, DeLuna went to appellant's house and talked to him about the accident. Appellant admitted that "he was the one that was involved in the accident . . . 'north of town,'" and that "he knew he had hit somebody." Appellant then voluntarily accompanied officers to the hospital where he provided them with a specimen

---

[1]*See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

of his blood for purposes of determining blood alcohol content. Testing of appellant's blood revealed "No alcohol detected."

The Hale County Grand Jury returned a two count indictment against appellant alleging manslaughter in count one and failure to stop and render aid in count two. At trial, appellant testified and vigorously asserted the defense that the victim's negligence in being intoxicated and standing on the roadway at night mitigated appellant's responsibility for, if not directly resulted in, the victim's demise. With regard to count two, appellant claimed that he did not stop and render aid because he was afraid that the victim's friends "were going to beat [him] up or hurt [him] or even kill [him]." In its charge, the court instructed the jury on the law related to manslaughter and its lesser included offense, criminally negligent homicide. The court also included an instruction on the affirmative defense of duress. By its verdict, the jury found in favor of appellant as to count one, but rejected the duress defense associated with count two.

By his brief, counsel certifies that he diligently reviewed the record and, in his opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He, thus, concludes the appeal is frivolous and without merit. In the brief, counsel discusses why, under the controlling authorities, there is no error in the court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex. Cr.App. 1978).

We discern from the record that, in addition to providing appellant with a copy of the motion to withdraw, counsel also included a letter informing appellant that, in his view, the appeal is without merit. In the letter, counsel notified appellant of his right to review the record and file a *pro se* response. Appellant did not avail himself of that right, and the State did not favor us with a brief. Nevertheless, since this is an *Anders* case, we must conduct an independent examination of the record for error.[2] *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

## 1. The Indictment

The indictment properly alleges the offenses of manslaughter and failure to stop and render aid. *See* Tex. Pen. Code Ann. § 19.04(a) (Vernon 2003) and Tex. Trans. Code Ann. § 550.021(c) (Vernon 1999).[3] Assuming *arguendo* that errors did exist in the indictment, the error could not be raised on appeal because appellant did not file a pretrial motion alleging error in it. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2004-05). Thus, we find no arguable error in the indictment.

---

[2]While recognizing the tenets of a memorandum opinion, we deem the facts of this case to present one of the "certain instances" warranting a detailed explanation of what our independent review entailed. Morales v. State, ___ S.W.3d ___, No. 13-03-035-CR, 2004 WL 1854213, at *1 (Tex.App.–Corpus Christi August 19, 2004, no pet. h.)

[3]Considering appellant was acquitted of manslaughter, we will focus our analysis to the remaining count of failure to stop and render aid.

## 2. Pretrial Motions

The record reflects the trial court entered a standard discovery order imposing upon the State the continuing duty to disclose to appellant various matters relevant to the preparation of his defense. Additionally, the order encouraged the parties "to avoid filing motions that duplicate any of" its provisions. No pretrial motions appear in the record. The docket sheet reflects that, while a pretrial hearing was called for June 9, 2003, neither appellant nor his attorney appeared. Considering the breadth of the court's discovery order, and given the absence of any pretrial rulings adverse to appellant, we discern no error in the pretrial proceedings.

## 3. Voir Dire

A review of the voir dire examination shows that some venire members were acquainted with various potential State witnesses. However, in every case, the members indicated their relationships with the potential witnesses did not "rise to such a level that [they] would have difficulty being fair and impartial if [the witnesses] were to testify." Neither the State nor appellant exercised any challenges for cause. Thus, the trial court could not have erroneously ruled. *See* Johnson v. State, 43 S.W.3d 1, 5 (Tex.Cr.App. 2001)(noting that denial of a proper challenge for cause is error because the make up of the jury affects its decision). Furthermore, the trial court did not limit appellant's questioning of the jury. *See* Nunfio v. State, 808 S.W.2d 482, 485 (Tex.Cr.App. 1991)(holding that error in the denial of a proper question which prevents the intelligent

5

exercise of peremptory challenges is an abuse of discretion, not subject to harm analysis). We, therefore, find no arguable error in the voir dire proceedings.

## 4. Opening Statements

As a general rule, a timely and reasonably specific objection is required to preserve error for appellate review. Tex. R. App. P. 33.1(a); Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002). Although each side presented opening statements, neither objected to the other's. Appellant has, thus, waived any error in the State's opening statement. *Id*. Moreover, we find no arguable error in the State's opening statements.

## 5. Legal and Factual Sufficiency of the Evidence

It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. 2.01 (Vernon 2003). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex.Cr.App. 2001). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum

6

of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). In measuring the sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997).

After conducting a legal sufficiency review, we may proceed with a factual sufficiency review. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). As an appellate court, we view all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We will set aside the verdict only if: (1) it is so weak as to be clearly wrong and unjust; or (2) the adverse finding is against the great weight and preponderance of the available evidence. *Id*. It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record demonstrates a different result is appropriate, we must defer to the jury's determination. *Id*. at 8.

Appellant admitted he drove the vehicle that struck and killed the victim. He also conceded that he did not stop to check on the welfare of the victim. Measuring appellant's testimony against a hypothetically correct jury charge, we conclude it established that (1) he was involved in an accident resulting in injury to or death of a person; and that he did not (2) immediately stop the vehicle at, or immediately return it to, the scene of the accident or as close to the scene as possible; and (3) remain at the scene of the accident until he had complied with his duty to give information and render aid. *See* Tex. Trans.

7

Code Ann. § 550.021(a). Therefore, appellant's testimony alone demonstrated beyond a reasonable doubt the elements of the offense of failure to stop and render aid. Furthermore, appellant's only defense to the charge with which he was convicted was that of duress. *See* Tex. Pen. Code Ann. § 8.05(a). This, however, the jury was free to believe or disbelieve. Goodman v. State, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001)(holding that it is the jury that accepts or rejects reasonably equal competing theories of a case). Given appellant's obvious interest in the outcome of the trial, and the State's witnesses' testimony that they did not threaten appellant, a rational jury was entitled to find that he had not proven his affirmative defense by a preponderance of the evidence. *See* Tex. Pen. Code Ann. § 2.04(d). In short, the proof of appellant's guilt is not so obviously weak as to undermine confidence in the jury's determination. *See King*, 29 S.W.3d, 556, 563. (Tex.Cr.App. 2000). Neither do we find that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id*. We, thus, find no arguable factual or legal sufficiency ground of error.

### 6. Closing Argument

Appellant made no objections to the State's closing arguments; therefore, he waived any error. *See* Tucker v. State, 990 S.W.2d 261, 262 (Tex.Cr.App. 1999). Furthermore, we find no arguable error in the State's closing arguments.

### 7. Punishment Phase

Again, a timely and reasonably specific objection is required to preserve error for appellate review. Tex. R. App. P. 33.1(a); *Hull*, 67 S.W.3d at 217. Appellant did not object during the punishment phase on any basis; therefore, he waived any challenge to the sentence imposed. *See* Rhodes v. State, 934 S.W.2d 113, 120 (Tex.Cr.App. 1996). Furthermore, the five year probated sentence and $5000 fine were within the range of punishment prescribed by statute. *See* Tex. Trans. Code Ann. § 550.021(c). Resultantly, we find no arguable error in the punishment phase.

### 8. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that standard, a defendant must establish that: (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) a reasonable probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied,* 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively

demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Generally, the record on direct appeal will not be sufficient to show that counsel's conduct was so deficient as to meet the first prong of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the record. *See* Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Instead, an application for a post-conviction writ of *habeas corpus* is usually the appropriate manner in which to raise and develop claims based on ineffective assistance of counsel. *Id*. Here, the record contains no evidentiary support for any claim of ineffective assistance of counsel. To the contrary, we conclude that the fact that appellant was acquitted of manslaughter, the higher degree offense charged in count one, is at least some evidence of trial counsel's effectiveness. Thus, having found no non-frivolous issues, we agree with counsel that the appeal is without merit. Currie v. State, 516 S.W.2d at 684.

Accordingly, the judgment of the trial court is affirmed, and counsel's motion to withdraw is granted.

Don H. Reavis
Justice

Do not publish.

10