NO. 07-05-0047-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 28, 2005


______________________________



SANTIAGO DIAZ, JR.,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242nd DISTRICT COURT OF HALE COUNTY;



NO. B14359-0203; HON. EDWARD L. SELF, PRESIDING


_______________________________



ON MOTION TO DISMISS



__________________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Santiago Diaz, Jr., by and through his attorney, has filed a motion to
dismiss this appeal because he no longer desires to prosecute it. Without passing on the
merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

 Brian Quinn

 Justice

Do not publish.



f town,'" and that "he knew he had hit somebody." Appellant then
voluntarily accompanied officers to the hospital where he provided them with a specimen
of his blood for purposes of determining blood alcohol content. Testing of appellant's
blood revealed "No alcohol detected." 

 The Hale County Grand Jury returned a two count indictment against appellant
alleging manslaughter in count one and failure to stop and render aid in count two. At trial,
appellant testified and vigorously asserted the defense that the victim's negligence in being
intoxicated and standing on the roadway at night mitigated appellant's responsibility for,
if not directly resulted in, the victim's demise. With regard to count two, appellant claimed
that he did not stop and render aid because he was afraid that the victim's friends "were
going to beat [him] up or hurt [him] or even kill [him]." In its charge, the court instructed the
jury on the law related to manslaughter and its lesser included offense, criminally negligent
homicide. The court also included an instruction on the affirmative defense of duress. By
its verdict, the jury found in favor of appellant as to count one, but rejected the duress
defense associated with count two.

 By his brief, counsel certifies that he diligently reviewed the record and, in his
opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. 
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He,
thus, concludes the appeal is frivolous and without merit. In the brief, counsel discusses
why, under the controlling authorities, there is no error in the court's judgment. See High
v. State, 573 S.W.2d 807, 813 (Tex. Cr.App. 1978). 

 We discern from the record that, in addition to providing appellant with a copy of the
motion to withdraw, counsel also included a letter informing appellant that, in his view, the
appeal is without merit. In the letter, counsel notified appellant of his right to review the
record and file a pro se response. Appellant did not avail himself of that right, and the
State did not favor us with a brief. Nevertheless, since this is an Anders case, we must
conduct an independent examination of the record for error. (2) See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). 

1. The Indictment


 The indictment properly alleges the offenses of manslaughter and failure to stop and
render aid. See Tex. Pen. Code Ann. § 19.04(a) (Vernon 2003) and Tex. Trans. Code
Ann. § 550.021(c) (Vernon 1999). (3) Assuming arguendo that errors did exist in the
indictment, the error could not be raised on appeal because appellant did not file a pretrial
motion alleging error in it. See Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.
2004-05). Thus, we find no arguable error in the indictment.

2. Pretrial Motions


 The record reflects the trial court entered a standard discovery order imposing upon
the State the continuing duty to disclose to appellant various matters relevant to the
preparation of his defense. Additionally, the order encouraged the parties "to avoid filing
motions that duplicate any of" its provisions. No pretrial motions appear in the record. The
docket sheet reflects that, while a pretrial hearing was called for June 9, 2003, neither
appellant nor his attorney appeared. Considering the breadth of the court's discovery
order, and given the absence of any pretrial rulings adverse to appellant, we discern no
error in the pretrial proceedings. 

3. Voir Dire


 A review of the voir dire examination shows that some venire members were
acquainted with various potential State witnesses. However, in every case, the members
indicated their relationships with the potential witnesses did not "rise to such a level that
[they] would have difficulty being fair and impartial if [the witnesses] were to testify." 
Neither the State nor appellant exercised any challenges for cause. Thus, the trial court
could not have erroneously ruled. See Johnson v. State, 43 S.W.3d 1, 5 (Tex.Cr.App.
2001)(noting that denial of a proper challenge for cause is error because the make up of
the jury affects its decision). Furthermore, the trial court did not limit appellant's
questioning of the jury. See Nunfio v. State, 808 S.W.2d 482, 485 (Tex.Cr.App. 
1991)(holding that error in the denial of a proper question which prevents the intelligent
exercise of peremptory challenges is an abuse of discretion, not subject to harm analysis). 
We, therefore, find no arguable error in the voir dire proceedings.

4. Opening Statements


 As a general rule, a timely and reasonably specific objection is required to preserve
error for appellate review. Tex. R. App. P. 33.1(a); Hull v. State, 67 S.W.3d 215, 217
(Tex.Cr.App. 2002). Although each side presented opening statements, neither objected
to the other's. Appellant has, thus, waived any error in the State's opening statement. Id. 
Moreover, we find no arguable error in the State's opening statements. 

5. Legal and Factual Sufficiency of the Evidence


 It is a fundamental rule of criminal law that one cannot be convicted of a crime
unless it is shown beyond a reasonable doubt that the defendant committed each element
of the alleged offense. U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03
(Vernon Supp. 2004-05); Tex. Pen. Code Ann. 2.01 (Vernon 2003). In conducting a legal
sufficiency review, we must determine whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318,
99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612
(Tex.Cr.App. 2001). As an appellate court, we may not sit as a thirteenth juror, but must
uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum
of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). In measuring
the sufficiency of the evidence to sustain a conviction, we measure the elements of the
offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234,
240 (Tex.Cr.App. 1997). 

 After conducting a legal sufficiency review, we may proceed with a factual
sufficiency review. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). As an
appellate court, we view all the evidence in a neutral light, favoring neither party. Johnson
v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We will set aside the verdict only if: (1) it is
so weak as to be clearly wrong and unjust; or (2) the adverse finding is against the great
weight and preponderance of the available evidence. Id. It is the exclusive province of the
jury to determine the credibility of the witnesses and the weight to be given their testimony,
and unless the record demonstrates a different result is appropriate, we must defer to the
jury's determination. Id. at 8. 

 Appellant admitted he drove the vehicle that struck and killed the victim. He also
conceded that he did not stop to check on the welfare of the victim. Measuring appellant's
testimony against a hypothetically correct jury charge, we conclude it established that (1)
he was involved in an accident resulting in injury to or death of a person; and that he did
not (2) immediately stop the vehicle at, or immediately return it to, the scene of the
accident or as close to the scene as possible; and (3) remain at the scene of the accident
until he had complied with his duty to give information and render aid. See Tex. Trans.
Code Ann. § 550.021(a). Therefore, appellant's testimony alone demonstrated beyond a
reasonable doubt the elements of the offense of failure to stop and render aid. 
Furthermore, appellant's only defense to the charge with which he was convicted was that
of duress. See Tex. Pen. Code Ann. § 8.05(a). This, however, the jury was free to believe
or disbelieve. Goodman v. State, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001)(holding that it
is the jury that accepts or rejects reasonably equal competing theories of a case). Given
appellant's obvious interest in the outcome of the trial, and the State's witnesses' testimony
that they did not threaten appellant, a rational jury was entitled to find that he had not
proven his affirmative defense by a preponderance of the evidence. See Tex. Pen. Code
Ann. § 2.04(d). In short, the proof of appellant's guilt is not so obviously weak as to
undermine confidence in the jury's determination. See King, 29 S.W.3d, 556, 563.
(Tex.Cr.App. 2000). Neither do we find that the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Id. We, thus, find no arguable factual or
legal sufficiency ground of error. 

6. Closing Argument


 Appellant made no objections to the State's closing arguments; therefore, he
waived any error. See Tucker v. State, 990 S.W.2d 261, 262 (Tex.Cr.App. 1999). 
Furthermore, we find no arguable error in the State's closing arguments.

7. Punishment Phase


 Again, a timely and reasonably specific objection is required to preserve error for
appellate review. Tex. R. App. P. 33.1(a); Hull, 67 S.W.3d at 217. Appellant did not object
during the punishment phase on any basis; therefore, he waived any challenge to the
sentence imposed. See Rhodes v. State, 934 S.W.2d 113, 120 (Tex.Cr.App. 1996). 
Furthermore, the five year probated sentence and $5000 fine were within the range of
punishment prescribed by statute. See Tex. Trans. Code Ann. § 550.021(c). Resultantly,
we find no arguable error in the punishment phase. 

8. Ineffective Assistance of Counsel


 A claim of ineffective assistance of counsel is reviewed under the standard set out
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
that standard, a defendant must establish that: (1) counsel's performance was deficient
because it fell below an objective standard of reasonableness; and (2) a reasonable
probability sufficient to undermine confidence in the outcome existed that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003). Failure to make the required showing
of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.
Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021,
115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Any allegation of ineffective assistance of
counsel must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813
(Tex.Cr.App. 1999). Generally, the record on direct appeal will not be sufficient to show
that counsel's conduct was so deficient as to meet the first prong of the Strickland standard
as the reasonableness of counsel's choices often involves facts that do not appear in the
record. See Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Instead, an
application for a post-conviction writ of habeas corpus is usually the appropriate manner
in which to raise and develop claims based on ineffective assistance of counsel. Id. Here,
the record contains no evidentiary support for any claim of ineffective assistance of
counsel. To the contrary, we conclude that the fact that appellant was acquitted of
manslaughter, the higher degree offense charged in count one, is at least some evidence
of trial counsel's effectiveness. Thus, having found no non-frivolous issues, we agree with
counsel that the appeal is without merit. Currie v. State, 516 S.W.2d at 684. 

 Accordingly, the judgment of the trial court is affirmed, and counsel's motion to
withdraw is granted. 


 Don H. Reavis

 Justice


Do not publish.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. While recognizing the tenets of a memorandum opinion, we deem the facts of this
case to present one of the "certain instances" warranting a detailed explanation of what our
independent review entailed. Morales v. State, ___ S.W.3d ___, No. 13-03-035-CR, 2004
WL 1854213, at *1 (Tex.App.-Corpus Christi August 19, 2004, no pet. h.)
3. Considering appellant was acquitted of manslaughter, we will focus our analysis to
the remaining count of failure to stop and render aid.